## ORTON vs. SCOFIELD.

*October 17 — November 6, 1884.*

AMENDMENT OF PLEADING. *(1) Previous sufficiency when considered on appeal. (2) Verification. (3) Change in cause of action.*

AGENCY: SALE OF LAND. *(4) Middleman: Recovery of compensation from both parties.*

1. If a complaint which is susceptible of amendment is amended before the trial, its previous sufficiency will not be considered on an appeal from the judgment.
2. The objection that the amendment to a pleading was not verified cannot be made for the first time in this court.
3. A complaint alleging an indebtedness for services and commissions upon the sale of land may be amended so as to show that the indebtedness arose out of a contract to pay a percentage on the value of the land for the production of a person owning other lands with whom an exchange should be effected. Such amendment does not change substantially the original claim.
4. One who, in the sale or exchange of property, acts merely as a middleman to bring the parties together, they making their own contract, may recover compensation from both parties.

APPEAL from the Circuit Court for *Waukesha* County.

The substance of the pleadings is thus stated by Mr. Justice CASSODAY:

"The original complaint alleged, in effect, that the defendant was indebted to the plaintiff in a sum named on account and claim against the defendant and in favor of one Sweet, for services and commissions for the sale of premises described; that such services had been performed by Sweet on express contract with the defendant; and that the claim had been transferred by Sweet to the plaintiff before the commencement of the action; and demanded judgment for the amount. A general demurrer thereto was overruled. The defendant then answered, in effect, a general denial, and that, in the sale referred to, Sweet had, without the knowledge of the defendant, acted as the agent of one Nickell, with whom the defendant exchanged the lands described in

the complaint for other lands; that the fact of such agency was concealed from the defendant by Sweet; and that Nickell had paid Sweet for such service in his behalf.

"At the trial the plaintiff was allowed, against the objection of the defendant, to amend his complaint by alleging, in effect, that the defendant, having property in Chicago valued at $7,840, and desiring to exchange the same for a farm, contracted and agreed with Sweet to pay him $196 or $2\frac{1}{2}$ per cent. on the assumed value, if he would find, produce, or send to the defendant a party having farm property with whom the defendant might see fit or should effect an exchange therefor, to which Sweet agreed, and that Sweet did thereupon find, produce, and introduce to the defendant said Nickell as such person, with whom the defendant did, October 6, 1881, effect such exchange in Sweet's absence, and without any other intervention or action of Sweet, whereby Sweet earned the agreed amount and interest from that date, and that such was the plaintiff's claim for Sweet's services and commissions, and for which he prayed judgment as he had before prayed in his complaint."

The evidence given at the trial and the instructions to the jury will sufficiently appear from the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Sumner, Tullar & Hemlock*, and oral argument by *Mr. Tullar*.

*John J. Orton*, respondent, in person.

CASSODAY, J. 1. The cause of action alleged in the original complaint was quite indefinite and uncertain, but no motion was made to make it more definite and certain. Whether it was sufficient under the rulings of this court to support a judgment in favor of the plaintiff need not be here considered. *Redmon v. Phœnix Fire Ins. Co.* 51 Wis. 298, 299. It is sufficient to know that it was susceptible of

amendment and was amended before trial, and the trial had upon it as amended.    It was not a departure from the cause of action sought to be alleged in the original complaint, nor did it introduce any new cause of action.

2. The precise objection that the amendment was not verified does not seem to have been made at the time of its allowance, and it is certainly too late to make it for the first time in this court.

3. The court, among other things, charged the jury that "if Mr. Sweet did not act as an agent for or in the interest of either party, but was a mere middleman to bring the parties together, they then to make their own contract in relation to the exchange of property, then such employment was legal, and Mr. Sweet could recover from both parties commissions or pay for his services." The rule thus indicated has received the sanction of this and other courts. *Herman v. Martineau*, 1 Wis. 151; *Stewart v. Mather*, 32 Wis. 344; *Barry v. Schmidt*, 57 Wis. 172; *Rupp v. Sampson*, 16 Gray, 398; *Mullen v. Keetzleb*, 7 Bush, 253; *Siegel v. Gould*, 7 Lans. 177; *Shepherd v. Hedden*, 29 N. J. Law, 334. But where the person so doubly employed is more than a mere middleman, and acts as broker or agent in effecting the sale or exchange, he cannot recover; especially where the party sought to be charged was at the time ignorant of the employment by the other party.    *Meyer v. Hanchett*, 39 Wis. 419; *S. C.* 43 Wis. 246; *Shirland v. Monitor I. W. Co.* 41 Wis. 162; *Scribner v. Collar*, 40 Mich. 375; *Rice v. Wood*, 113 Mass. 133.

Here the evidence on the part of the plaintiff showed that Sweet acted as a middleman merely.    There was no evidence that he was employed by the defendant in any other capacity. The defendant denied that he employed Sweet for any purpose whatever.    Which told the truth seems to have been the only controverted question.    The issue was fairly submitted to the jury.    Their verdict conclusively establishes

the fact that Sweet was a mere middleman, and was to receive for his services the amount testified to by him. This being so, it became immaterial whether Nickell also employed him in the same capacity. The undisputed evidence shows that Sweet was not present when the trade was made, and had no authority and entered into no negotiation as to the terms of the trade.

The transfer of the claim to the plaintiff was undisputed. The nature of the issue and the character of the evidence dispose of the other minor exceptions to other portions of the charge. Hence it becomes unnecessary to specifically consider such exceptions. In fact, they do not seem to be seriously relied upon.

*By the Court* — The judgment of the circuit court is affirmed.