EDWARD WEBB *vs*. THOMAS R. PAXTON.

May 5, 1887.

**Appeal from Justice of the Peace—Relief from Default.**—Upon an appeal to the municipal court of St. Paul from the judgment of a justice of the peace on questions of both law and fact, the court may relieve the defendant from a default, and allow him to make answer, although none was made in justice's court.

**Agent for Sale of Real Estate—Employment by Buyer.**—Where real estate is placed in the hands of a person to sell as agent for the owner, although the price and terms of sale are fixed by the owner himself, yet it is incompatible with the agent's duty to his principal to accept any employment as agent also of the purchaser, which would render it to his interest to sell only to those who would give him such double employment, to the exclusion of other persons.

**Same—Double Employment not Proved.**—But *held*, that in this case the evidence did not justify the court in holding, as a matter of law, that plaintiff had accepted any such double employment.

Plaintiff recovered judgment by default in a justice's court in Ramsey county, in an action to recover a commission for making a sale of real estate. The defendant appealed, upon questions of law and fact, to the municipal court of St. Paul, and in that court was allowed, against plaintiff's objection and exception, to interpose an answer. At the trial, when the plaintiff had rested his case, the action was dismissed, on defendant's motion. Plaintiff appeals from the judgment of dismissal.

*W. K. Gaston*, for appellant.

*Howard H. Cleveland*, for respondent.

MITCHELL, J.    1. An appeal to the municipal court of St. Paul from the judgment of a justice of the peace, on questions of both law and

fact, brings up the case for trial *de novo*, and gives that court the same power over the pleadings and proceedings as if the action had originally been commenced therein. Hence the municipal court may, in such a case, in the exercise of a sound discretion, relieve the defendant from a default suffered in the justice's court, and allow him to make an answer, although none was made before the justice. Gen. St. 1878, *c.* 66, § 125; *Libby* v. *Mikelborg,* 28 Minn. 38, (8 N. W. Rep. 903.)

2. It clearly appears from the evidence and the admissions in the answer that plaintiff had authority from defendant to sell this lot on the terms alleged, and that he found a purchaser for it on these terms who was ready and willing to buy, and would have done so but for defendant's refusal to consummate the sale. The plaintiff was therefore entitled to his commissions, unless he had forfeited his claim to them by assuming to act in the transaction as agent for both grantor and grantee, under circumstances which rendered his conduct a breach of his undertaking and duty as agent of the defendant. It is well settled that a person cannot act as the agent of both vendor and vendee in the same transaction, where one or both of them is relying upon, and is entitled to the benefit of, his discretion, skill, and judgment; and that, where such double employment exists, no recovery can be had for services or commissions, at least against a party kept in ignorance of the fact. This does not depend upon the existence of intentional fraud, but is an inflexible rule, founded upon the fact that the two employments are incompatible. Such conflicting relations are repugnant to the fundamental principle on which the law of agency rests.

It is claimed that this rule does not apply to this case, because the plaintiff was a mere broker or go-between, not employed to exercise his judgment or skill, nothing being left to his discretion going to the merits of the transaction. Without saying that there may not be such cases, it is clear that this was not one of them. Plaintiff was something more than a mere broker. Conceding that nothing was intrusted to him in regard to price or terms of sale, yet, the property having been placed in his hands as agent of defendant to sell at a certain price, he was bound to perform that service in the

interest of the party who employed him. Such an employment is not like the offer of a reward for the performance of some act which another may do or forego as he shall please. By the acceptance of this employment as defendant's agent, it became plaintiff's duty to secure a purchaser for the property as soon as he reasonably could at the price named by defendant, or at a better one if offered. But if an agent, under such an employment, may enter the service of a proposed purchaser, and charge him a commission for his services, it immediately becomes his interest to sell only to those who will pay him the double commission, to the exclusion of all others. The interests of his principal are manifestly in danger of prejudice from the counter-interest in the agent.·

But in the present case the evidence was entirely insufficient to justify the court in holding, as a matter of law, that plaintiff had undertaken any such double employment, or assumed any relations to vendee in the transaction inconsistent with his duty to defendant. All the evidence on this point is contained in two letters addressed by plaintiff to defendant. In one of these, in speaking of the proposed purchaser, the plaintiff says: "I have been acting for her as her agent several years. I have bought property for her and with her money, and sold property for her,—just the same as I have done for other parties." There is nothing in this necessarily decisive of his relations to the purchaser in regard to the transaction then in hand, which was the sale of defendant's lot. In the other letter, plaintiff says: "The grantee in the deed sent had a little money to invest, and was willing to abide by my judgment. There were hundreds of other lots in St. Paul at that time in which a larger advance could be realized than on this lot; but, as she had property near it, I advised her to take this, instead of scattering her means." There is nothing in this necessarily proving that he was in the employment of the grantee in this transaction as her agent, or that he had any pecuniary interest in selling the lot to her rather than to another. All that it necessarily implies is that he gratuitously gave her advice to buy, and that she bought in reliance upon the advice. There would be nothing in this incompatible with his duty to defendant as his agent.

Hence, giving to the evidence the greatest possible probative force in favor of defendant's contention, the most that can in any view be claimed for it is that it was a question of fact for the jury, under proper instructions, to say whether plaintiff had assumed relations to the purchaser as her agent that were in violation of, or incompatible with, his duty as agent of defendant. For this reason the court erred in dismissing the action.

Judgment reversed.