DONOHUE, Respondent, vs. PADDEN, Appellant.

*March 13 — March 27, 1896.*

*Real estate brokers: Commissions.*

A real estate broker is entitled to the agreed commission upon a sale of land, where the owner fixed the price, received the full amount stipulated for in his contract with the broker, and was to receive no more in any event, although, before his employment, the broker had shown the land to the purchaser and the latter had expressed a desire to meet the owner, and although the broker had rendered some services to such purchaser.

Donohue vs. Padden. ·

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

Action to recover $300, as commission for selling lands for defendant. Plaintiff was a real estate dealer. One David Sires, being desirous of purchasing a farm, procured plaintiff to show him several he had for sale. They started out for that purpose from plaintiff's place of business in New Richmond. Plaintiff informed Sires that, if he sold him a farm and located him thereon, there would be no charge for his services; that he always got his pay from the seller. On the trip Sires's attention was attracted by a farm owned by defendant, which he said would satisfy him. Plaintiff said he would take Sires to the owner. They returned to New Richmond, stopping at plaintiff's place of business. Sires remained there while plaintiff, without Sires's knowledge, so far as appears, went to *Padden*, and, without plaintiff's informing him that Sires desired to purchase the farm, they made an agreement by the terms of which it was provided that if plaintiff sold the farm he should have all received over $3,400. He then returned to Sires, who was waiting to be accompanied by plaintiff to see defendant. Both then returned to *Padden's* place of business, where plaintiff introduced Sires as the man who wanted to buy the farm. Defendant and Sires then made a bargain by which the farm was sold the latter for $3,700, which bargain was thereafter fully consummated. Plaintiff thereafter demanded of defendant $300 as compensation for making the sale. Defendant refused to comply with such demand, and this action was brought to recover the sum mentioned. The foregoing facts being established on the trial, the court directed a verdict in favor of the plaintiff. Judgment was entered accordingly, and defendant appealed.

For the appellant there was a brief by *Baker & Helms,* and oral argument by *E. W. Helms.* They contended, *inter alia,* that to entitle the agent to a commission in a case of

Donohue vs. Padden.

this sort he must be the "efficient procuring cause of the sale." It must be through his efforts, acting under an employment from the owner, that the sale is effected. He can recover nothing for services voluntarily performed before his appointment as agent. *Hinds v. Henry*, 36 N. J. Law, 328; *Atwater v. Lockwood*, 39 Conn. 45; *Wylie v. Marine Nat. Bank*, 61 N. Y. 415, 416; *McClave v. Paine*, 49 id. 561; 20 Cent. L. J. 466. Plaintiff having been employed by both Sires and *Padden* cannot recover compensation from either. *Herman v. Martineau*, 1 Wis. 151, 157; *Stewart v. Mather*, 32 id. 344, 354; *Meyer v. Hanchett*, 39 id. 419, 424, 43 id. 246, 249; *Shirland v. Monitor I. W. Co.* 41 id. 162, 166; *Orton v. Scofield*, 61 id. 382, 384; *Walker v. Osgood*, 98 Mass. 348; *Rice v. Wood*, 113 id. 133; *Raisin v. Clark*, 41 Md. 158; *Lynch v. Fallon*, 11 R. I. 311.

*A. J. Kinney*, for the respondent, cited *Stewart v. Mather*, 32 Wis. 344, 349; *Delaplaine v. Turnley*, 44 id. 31, 41; *Willes v. Smith*, 77 id. 81, 86; *Lloyd v. Matthews*, 51 N. Y. 124; *Lincoln v. McClatchie*, 36 Conn. 136; *Anderson v. Cox*, 16 Neb. 10; *Crevier v. Stephen*, 40 Minn. 288; *Herman v. Martineau*, 1 Wis. 151.

MARSHALL, J.    All that is required, to entitle an agent to his commission for selling land, is employment, for a compensation, to make the sale, and the production of a purchaser ready, able, and willing to take the property at the price named. *McArthur v. Slauson*, 53 Wis. 41; *Potvin v. Curran*, 13 Neb. 302; *Hopwood v. Corbin*, 63 Iowa, 218; *Cassady v. Seeley*, 69 Iowa, 509; *Van Gorder v. Sherman*, 81 Iowa, 403; *Francis v. Baker*, 45 Minn. 83; *Barringer v. Stoltz*, 39 Minn. 63. In the last case, as in this, the customer had been found before the broker received his appointment to sell the property. The recovery was sustained, though the employer was not informed by the broker, when the contract of employment was made, that he had a customer

ready to buy. The mere fact that Sires had expressed a desire to meet *Padden* after having been shown the farm by plaintiff did not constitute a fraud, so as to prevent plaintiff from recovering.

It is claimed that plaintiff cannot recover because he was acting as agent for both parties. It was expressly agreed that he was not to receive any commission whatever from the purchaser. It was no part of his contract with the seller to fix the price. Defendant made the price, received the full amount stipulated for in the contract, and was to receive no more in any event. Under such circumstances, the fact that plaintiff rendered some service to the purchaser constitutes no defense to his action to recover compensation from the defendant. *Orton v. Scofield*, 61 Wis. 382. In view of the facts, it was of no importance whatever to the defendant whether plaintiff was in the employ of the purchaser, even for a compensation. *Montross v. Eddy*, 94 Mich. 100.

The court properly directed the verdict in favor of the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.

*Real estate brokers: Commissions: Rescission of contract.*