BELL, Appellant, vs. SIEMENS & HALSKE ELECTRIC COMPANY, Respondent.

*November 5 — November 22, 1898.*

*Brokers: Commissions, when earned: Court and jury.*

1. When a broker is the procuring cause of a sale of property, as by producing a purchaser ready and willing to take the property at the price fixed, though the sale is consummated between the parties themselves, the law leans to that construction of his contract with the vendor which will secure to him his commission.
2. Where, in an action by a broker to recover his commission on a sale of property, there is evidence tending to show that the plaintiff was acting in the transaction for the defendant alone, and that the sale was effected through his agency, a nonsuit should not be granted, but the case should be submitted to the jury.

APPEAL from a judgment of the circuit court for Sauk county: JOHN R. BENNETT, Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *Herman Grotophorst*, and for the respondent on that of *R. D. Evans.*

CASSODAY, C. J.   This action is to recover compensation for services rendered at the special instance and request of the defendant between January 1, 1897, and March 30, 1897, in procuring and inducing the Baraboo Gas & Electric Light Company, located at Baraboo, where the plaintiff resided, to purchase certain electrical machinery and appliances from the defendant.   The defendant answered by way of admissions, denials, and counter allegations.   At the close of the testimony on behalf of the plaintiff, the trial court granted a nonsuit, and from the judgment entered thereon the plaintiff brings this appeal.

The plaintiff's evidence consists largely of correspondence between himself and the defendant.   It appears that the plaintiff first wrote to the defendant December 16, 1896, and again January 6, 1897, making certain inquiries, and stating, among other things, that the plant he was asking figures upon would be installed; that the defendant's machinery should be represented; that, if the defendant cared to take any further notice of the same, it could write him direct.   The defendant wrote to the plaintiff under date of January 7, 1897, to the effect that the defendant was in a position to quote prices direct in the northwestern territory, and would be pleased to make the plaintiff a complete estimate for a 1,500-light plant if he would kindly tell them by return mail who the prospective purchaser was; that, of course, it would treat him in this special deal as its agent, and protect him by a commission to be determined by him. In answer to a subsequent letter of the plaintiff, the defendant again wrote him under date of January 12, 1897, giving

the estimated cost of the plant, and, among other things, saying, " Trusting the above is all that you require, and that you may be able to have the contract awarded to us, in which case we shall, as stipulated in our favor of the 7th inst., protect you by a suitable commission." In answer to another letter of the plaintiff the defendant again wrote the plaintiff, under date of February 5, 1897, and, among other things, recommended him to bring the gentleman in Baraboo referred to in his letter to its Chicago office, and that it would then be pleased to show him all plants of any interest. The plaintiff again wrote the defendant under date of February 10, 1897, in reference to progress of electric light matters, and stated, in effect, that, besides the old Edison Company operating in Baraboo then, there were two others going ahead; that one would perhaps drop out; that he was working on both in favor of direct current; that the party owning the gas company — W. H. Hopkins — had been to Chicago, and only returned a few days before, and had started erecting a building; that while in Chicago he nearly closed a contract for the alternating plant, but that the day before he had got hold of him, and that since he did not know where he stood, but was not struck on the alternating, and had invited him (the plaintiff) to go to Chicago with him; that he was anxious to have the defendant see him; that he had explained to Hopkins the difference in operation of plants by direct or alternating currents; that it took more labor to run a 1,500-light alternator than the same of direct, besides its danger and loss in instances where direct would never reach. The defendant again wrote the plaintiff under date of February 11, 1897, in which it said, among other things, that, of course, if it installed the plant, it would give the plaintiff full patent protection; that it noted that the plaintiff and Hopkins intended to visit Chicago in a few days, and would be pleased to have them call at its office, when it would show them the many plants of interest around the city.

There is other evidence tending to prove that the plaintiff induced Hopkins to visit the defendant's office at Chicago, and to purchase of them such machinery and appliances to the amount of $3,800 in value. Under date of March 30, 1897, the defendant again wrote the plaintiff this letter: "We are just ready to close a contract with the Baraboo Gas and Electric Light Company, Baraboo, Wis., for an electric plant. As you evidently have failed in establishing a plant in Baraboo and organizing a new company, as you outlined in your previous correspondence, we beg to withdraw our letter of Jan. 7, 1897, as you were not instrumental in any manner whatsoever in furthering our interests with the Baraboo Gas and Electric Light Company."

This court has repeatedly held that: "Where a sale is effected through the efforts of a broker, or through information derived from him, so that he may be said to have been the procuring cause, the law leans to that construction of his contract with the vendor which will secure the payment of his commission, rather than to the contrary construction." *Stewart v. Mather,* 32 Wis. 344; *Orton v. Scofield,* 61 Wis. 382; *McKenzie v. Lego,* 98 Wis. 364. In a late case it is said by Mr. Justice MARSHALL, speaking for the court: "All that is required, to entitle an agent to his commission for selling land, is employment, for a compensation, to make the sale, and the production of a purchaser ready, able, and willing to take the property at the price named." *Donohue v. Padden,* 93 Wis. 22. Numerous adjudications are there cited in support of the proposition. The same rule has been sanctioned in other states. *Id.; Hiltz v. Williams,* 167 Mass. 454. There is no pretense that the plaintiff was, in the transaction, acting for, or expecting compensation from, any other party than the defendant; nor that he did not act in good faith for the benefit of the defendant; nor that the defendant did not secure the sale or contract through his agency. We must hold that there is evidence tending to prove that

the defendant effected the contract or sale through the agency of the plaintiff, and hence that the case should have been submitted to the jury.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.