EMIL JOHANKE v. FERDINAND SCHMIDT.

April 20, 1900.

Nos. 12,023—(58).

Work and Labor—Evidence.

In an action to recover the value of work, labor, and services, it is *held* that the evidence made a proper case for submitting to a jury the question whether plaintiff's services were rendered to defendant gratuitously, as a member of his family, or whether they were rendered upon an agreement for compensation.

New Trial.

*Held*, further, that the court below erred in holding, on defendant's motion for a new trial, that there was no evidence to establish a liability on defendant's part for the value of such services, and the order vacating the verdict for that reason is reversed.

Action in the district court for Lac qui Parle county to recover $1,034.50 for work and labor performed, goods sold, and money paid at defendant's request. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of plaintiff for $357.16. From an order granting a motion for a new trial unless plaintiff should remit $338.16 from the verdict, plaintiff appealed. Reversed.

*T. J. McElligott*, for appellant.

*Aaron B. Kaercher*, for respondent.

BROWN, J.

This action is one to recover for work and labor alleged to have been performed by plaintiff for defendant at his special instance and request, the value of fifty bushels of oats sold to him, and the sum of $19 for and on account of money paid out for the use and benefit of defendant. Six causes of action are set up in the complaint, the first, fifth, and sixth of which have been abandoned, and a recovery is sought under the second, third, and fourth. The second cause of action is for the work and labor, and the third and fourth are for the other two matters above referred to. The plaintiff had a verdict for the sum of $357.16. On defendant's motion for a new trial, the court below made an order directing that a new trial be granted unless plaintiff should remit from the verdict all in excess of the sum of $19; the same being the amount claimed by plaintiff, under the fourth cause of action, as and for money paid for and at the request of defendant. The plaintiff refused so to remit, and appealed from the order.

The court based its order on the ground that there was no evidence in the case to warrant a recovery under the second and third causes of action,—not that the evidence was insufficient to justify the verdict, but that there was no evidence at all to establish a liability on the part of defendant. If the court below was correct in that conclusion, the order appealed from should be affirmed; if not, it must be reversed.

The claim on the part of plaintiff is that from 1895 to 1898 he performed work and labor for defendant, of the reasonable value of $200 per year, no part of which has ever been paid; that he sold to defendant fifty bushels of oats, and paid out for him the sum of $19 for fence wire. These two latter items require no special attention. The main controversy in the case is over the question whether plaintiff is entitled to recover for the work and labor. That he performed work for defendant is not controverted. It is a well-settled rule that, where one person performs labor for another, the law, in the absence of proof of a contract, and in the ab-

sence of a showing that the same was performed gratuitously, implies or presumes a request to perform the work, and a promise to pay therefor. To overcome this presumption, the defendant contends that during the time in question plaintiff was a member of his family, and performed the work gratuitously, and without agreement or expectation that he would be compensated.

The plaintiff resided with defendant and worked for him on his farm from 1893 to 1895, and was fully paid therefor. In March, 1895, he married defendant's daughter, and in May of that year removed from defendant's home farm to another one owned by him, some three miles away, and thereafter continued to reside thereon and work and farm the same until 1898, when his wife secured a divorce from him. The plaintiff improved the farm so. occupied by him and his wife, made repairs on the dwelling house thereon, and raised annual crops, which in the main were taken and appropriated by the defendant. No definite arrangement seems to have been made by the parties as to the compensation of plaintiff. He received nothing of consequence from defendant during such three years, over and above his living. Defendant received the benefit of about all the crops raised by plaintiff, but turned over about $400 to plaintiff's wife. Although the family relation existed between the parties, they did not reside in the same household, but separate and apart from each other. The defendant worked and carried on his own farm, and the plaintiff worked and improved the farm to which he removed after his marriage.

It is claimed by plaintiff that the work so performed by him was performed under an agreement with defendant that in consideration thereof he (defendant) would subsequently deed the farm to him. He testified distinctly to this agreement, and we do not find, from the record, that the defendant denied it. There being no understanding that the work was to be performed gratuitously, we do not see why the case is not, in principle, similar to Schwab v. Pierro, 43 Minn. 520, 523, 46 N. W. 71. It is true that such an agreement would be void, but, if it can be said that the relationship of the parties gave rise to a presumption that the work was performed gratuitously,—to which, under the circumstances

shown, we do not assent,—it is quite clear to us that this evidence was sufficient to take the case to the jury, and that it was for them to say whether the presumption, if it existed, was not thereby overcome. 14 Am. & Eng. Enc. 781. Upon the whole record, we think the case was a proper one for the jury. The learned trial judge was right in submitting it to them, and wrong when he subsequently concluded that he then erred.

The order appealed from is therefore reversed.