GEORGE B. DARTT v. JOHN K. SONNESYN.[1]

April 25, 1902.

Nos. 12,891—(42).

## Real Estate Broker—Commission.

Where a real estate broker is employed by the owner of lands to exchange the same for other property, and a third person, having information thereof from the broker, communicates through him with the owner of the land, and effects a trade, the relation of principal and agent between the broker and the owner forbids any legal inference that there is an implied promise by such third party, based upon benefits to him, to pay the broker a commission.

## Exchange of Property—Custom.

An offer to prove a general custom among brokers acting for both parties to an exchange of lands to charge commissions to each *held* properly refused, for the reason that it appeared that the broker was the agent of one of the parties, and could not therefore legally demand compensation from the other.

[1] Reported in 90 N. W. 115.

Appeal by plaintiff from an order of the district court for Watonwan county, Cray, J., denying a motion for a new trial. Affirmed.

*Savage & Purdy*, for appellant.

*W. S. Hammond*, for respondent.

LOVELY, J.

Action to recover for services by a real-estate broker in effecting an exchange of lands for a stock of merchandise. The case was tried to a court and jury. At the close of plaintiff's evidence, upon defendant's motion, it was dismissed. This appeal is from an order denying a motion for a new trial.

The plaintiff was a real-estate broker at Minneapolis. He had advertised lands for sale. Defendant was doing business under the firm name of Sonnesyn & Co., and owned a stock of goods at St. James, which he desired to exchange for lands. He wrote plaintiff a letter, stating that he had been informed that plaintiff had lands to exchange for merchandise, and that he would "give some man a good deal." Further correspondence was conducted between the broker and defendant. Later on plaintiff informed defendant that he had "parties with good wild lands and cash for good merchandise;" that their lands were in North Dakota and Michigan. From this on followed communications between the parties by letter and over the telephone. A third party (one Kearny) was presented to the defendant by plaintiff as the owner of the lands to be exchanged, and a trade between Kearny and defendant was agreed to at St. James, which was not, however, carried out; but we shall assume, for the purposes of this review, that a contract between these parties was consummated, so as to entitle plaintiff to recover for services if they were legally due from defendant instead of from Kearny, which is the real question at issue, and decisive of this appeal.

When defendant and Kearny met at St. James the negotiations were conducted between them without interference or suggestion from plaintiff, but at their inception there is no doubt that plaintiff was the agent of Kearny for the purposes stated, and there is nothing in the subsequent dealings between the parties to indicate

that this relationship had ceased or had been changed. Plaintiff's contention is that from the beneficial character of the services he rendered defendant in the trade a promise by the latter was implied to pay for the same.

Generally stated, the rule is as expressed by Justice BROWN in Johanke v. Schmidt, 79 Minn. 261, 82 N. W. 582, viz.:

"Where one person performs labor for another, the law, in the absence of proof of a contract, and in the absence of a showing that the same was performed gratuitously, implies or presumes a request to perform the work and a promise to pay therefor."

Many authorities are cited to establish this elementary proposition, which may be conceded, but to maintain the claim of plaintiff it is essential that the supposed promise follows as an implication which tends to show a request to perform the work upon grounds of equity and right. Therefore, while the request itself ordinarily may be implied from the nature of the services, yet if the situation of the parties in law is such as to repel or prohibit such request, it cannot be presumed.

Clearly, it could not be claimed, if defendant had acted directly with the plaintiff in trading for the lands, that a broker's commission could be deducted from the purchase price or collected from the vendee, and what the plaintiff in such case could not demand for himself, he could not demand while acting as the agent of the vendor. If a broker, inviting trades of the character referred to, could not hold out inducements to third persons to make the same without an implied promise by the latter to pay commissions therefor, it would be very dangerous for any one to have communications with an agent having property to sell, even though such agent had invited the same. It is undoubtedly the rule, founded upon well-settled grounds of public policy, that an agent of the vendor cannot assume the essentially inconsistent and repugnant relation of agent for the purchaser. Story, Ag. §§ 210, 211. But it is urged for the plaintiff that he was merely a middleman who brought Kearny and defendant together, and that these two concluded the trade without his assistance, but this claim ignores the fact that defendant was brought into communication with the plaintiff while acting as Kearny's agent, which

relation clearly appears to have existed at the beginning, and must be presumed to have continued through the deal. In truth the evidence shows that Kearny paid plaintiff afterwards for his services.

The facts in this case are identical with those in Raisin v. Clark, 41 Md. 158, wherein it is held that a broker under such circumstances could not be the agent of both parties, it being stated therein to be "a general rule that a party cannot, in any agency of this kind, act as agent or broker for both vendor and vendee in respect to the same transaction, because in such case there is a necessary conflict between his interest and his duty. The vendor in the employment of an agent to sell his property bargains for the disinterested skill, diligence, and zeal of the agent for his own exclusive benefit." Says Justice Story, in one of the sections of his work on Agency already referred to, that "to interpose a preventive check against such temptations and seductions [to the agent to violate his trust] * * * a positive prohibition has been found to be the soundest policy, encouraged by the purest precepts of Christianity." The plaintiff was not a middleman in the legal acceptation of such term in the transactions presented in this record. The defendant, while plaintiff was the agent of Kearny, had accepted plaintiff's invitation to negotiate for a trade or exchange for land. The negotiations that followed and were conducted through the correspondence must, under the circumstances, be held to have been for the benefit of plaintiff's principal (Kearny). Had the defendant, independently of this relation, employed the plaintiff to bring him a customer, the situation might have been different, but the established relation of agent and principal, with the obligations that arose therefrom, were clearly shown, and do not appear to have been changed. In view of this relation, the communications of defendant with plaintiff must be presumed to rest thereon. We cannot, under such circumstances, hold that the defendant is to be made to pay for commissions which the law imposed upon another party.

It is assigned as error that plaintiff offered to prove

"That there is a general custom in the brokerage business, where

deals are made in the way of property trading against other property, rather than for cash sales, that each of the parties trading pays one-half of the commission."

This offer was refused over plaintiff's objection. It is enough to say with reference to such offer that, had it applied to the facts. presented, it was properly refused; the custom of an agent to collect from his principal and. the purchaser would be void, as: against the policy of the law. This was expressly decided in Raisin v. Clark, supra, which view we adopt in that respect. If the intent of the offer was based upon the relation of the plain-tiff to the defendant as a middleman, employed merely to bring the parties together, exclusive of plaintiff's relation to Kearny as his agent, it was properly refused, for it was not based upon the facts in the case.

Order affirmed.