LOT E. WASSER and Another v. WESTERN LAND SECURITIES COMPANY.[1]

March 30, 1906.

Nos. 14,640—(216).

**Amendment of Pleading.**

The discretion of the trial court, which had during trial allowed defendant to twice amend its answer and the plaintiffs to thrice amend their reply, is not abused by refusal to allow, on motion for a new trial, an amendment to the answer involving a complete change of theory of defense, based on the falsity of the verified admissions of the answer filed, and inconsistent with much of the testimony, because a stockholder of the defendant corporation at the time of the transaction was ignorant of the proceedings.

**Contract of Corporation.**

A corporation can assume the obligations of a contract made before its organization, or make a new contract concerning the same subject-matter with the parties to the original agreement.

[1] Reported in 107 N. W. 160.

**Effect of Breach.**

A breach of a contract by one party excuses performance by the other.

**Measure of Damages.**

Upon an unexcused failure for an unreasonable time by a party to a contract to deliver promissory notes payable in the future, damages may be recovered presently by the other party to the contract. The amount for which the notes were to have been given will be prima facie for the measure of damages.

**Commission from Both Parties.**

Where a broker is employed by each party, with notice that he is acting in the matter for the other, and with such notice each agrees to pay him his commission, he can recover from both.

Action in the district court for Hennepin county by plaintiffs as partners as Farmers, Merchants, Mechanics Realty Co. to recover from defendant $5,000, the agreed commission for procuring a purchaser of real estate. The case was tried before Brooks, J., who found in favor of plaintiffs for the sum demanded. From an order denying a motion to withdraw the answer on file and to substitute therefor an amended answer, and denying a motion for a new trial, defendant appealed. Affirmed.

*Manahan & Cannon,* for appellant.

*Wm. H. Hallam,* for respondents.

JAGGARD, J.

The history of this case determines its issues. It was tried on one theory by one counsel for the defendant and appellant. After findings of fact and conclusions of law in favor of plaintiffs and respondents had been filed, new counsel for the defendant sought to amend the pleadings. This the trial court refused to allow. Counsel for the plaintiffs aptly remarks: "As was said by this court in one case, a change of attorneys, like a change of physicians, generally suggests a change of treatment." The complaint set forth that the plaintiffs were real estate agents, employed by defendant to procure a purchaser for fifty six thousand acres of land in North Dakota for an agreed commission of $5,000; that plaintiffs procured the purchaser, who will be referred to as the Kinneys, the owners of the Colfax Springs Sanatorium, Colfax, Iowa, with whom defendant made a contract whereby

plaintiffs earned their commission; that by a subsequent agreement with the defendant the plaintiffs agreed to accept for their compensation, and the defendant agreed to deliver, $5,000 in notes of the Kinneys secured by a contract, not to exceed $3 per acre, on said land, which notes were to be delivered to one Felthous on behalf of the plaintiffs; that defendant failed to deliver said notes, to the plaintiffs' damage in the sum of $5,000.

The answer whose admissions constitute the basis of the present controversy, admits the employment by defendant of plaintiffs for the said $5,000 commission, and the introduction of the Kinneys as a purchaser to the defendant by the plaintiffs. The defenses were (1) that the negotiations never ripened into a sale; (2) that plaintiffs, defendant, and one Root entered into an agreement whereby plaintiffs were to be paid their commission in full by the deposit of $5,000 in Kinneys' notes with Felthous, to be delivered when the plaintiff had adjusted the claim of one Harmon to part of the commissions payable on account of these transactions, and that plaintiff had never adjusted or protected against said claim of Harmon, although the notes were deposited at a date named, which was in fact subsequent to the commencement of the action; (3) that plaintiffs acted as agent for both Kinneys and defendant without their knowledge, and because of this double capacity were entitled to no compensation. The reply put the essential matters in issue.

The evidence consisted in part of a letter, dated April 23, 1904, signed for the defendant by one Hamilton, to the plaintiffs, requesting that plaintiffs embody in a letter a conversation between Hamilton and plaintiffs, in which it was agreed that, in event of a deal with the Kinneys, plaintiffs were to be paid $5,000 in Kinneys' paper, to be delivered when Harmon and plaintiffs should have determined its disposal, and adding that after the receipt of such letter Hamilton would go to the Kinneys' residence and see if he could close with the Kinneys. To this letter, plaintiffs replied two days later. As a result of the correspondence, a memorandum was agreed to by both parties in the following words:

> We, the Farmers, Merchants, Mechanics Realty Company of Minneapolis, hereby agree to accept from said H. H. Hamil-

ton, or his assigns, $2,500 in first payment paper and $2,500 in second payment paper of Dr. Kinney and his associates in full payment of our commissions of $5,000 for services in said deal, said paper to be secured by contract for deed on land obtained by Dr. Kinney or his associates and said incumbrance not to exceed three dollars per acre. And we authorize said H. H. Hamilton to deposit said paper above referred to with J. A. Felthous in escrow, to be delivered to us on mutual agreement between us and H. H. Hamilton, or upon our indemnifying him with a bond that he will have no other commissions to pay to any one other than ourselves in said deal.

The testimony further showed that Hamilton, the president of defendant, who testified, at one place, that he owned all its stock, was present at the negotiations with the Kinneys and when they contracted with Root; that Root was the secretary and treasurer and a director of the defendant company. On May 30, following, Root, signing as "Secretary and Treasurer" on a letter head of the defendant company which described Hamilton as president and Root as secretary and treasurer of the defendant company, wrote to plaintiffs, advising that he (Root) had made a deal with the Kinneys; that, upon Hamilton's statement as to his contract with the plaintiffs for commission, he (Root) would deposit $5,000 of Kinneys' notes with Felthous in lieu of any other claim for commission. The trial court justly remarks in its memorandum:

> Apparently the defendant's officers prefer that if the plaintiffs have a valid claim it should be enforced against the corporation, and not against them or either of them personally. Nor is it denied that the plaintiffs procured certain negotiations to be entered into between the defendant and the Kinneys.

The whole course of the trial and the evidence showed, to quote again from the memorandum of the trial court:

> The plaintiffs in this transaction dealt only with the defendant. There was but one employment. They did not contract first with Hamilton, secondly with the defendant, and finally with Root. Towers v. Stevens Cattle Co., 83 Minn. 243, 86 N. W. 88; Steidl v. McClymonds, 90 Minn. 205, 95 N. W. 906.

The trial court found the facts for the plaintiffs, and as a conclusion of law directed judgment in their favor for $5,000, with interest. Notice of motion for a new trial accompanied by a notice of motion for an order permitting said defendant to amend its answer by withdrawing the amended answer on file and by filing in lieu thereof a proposed answer thereto attached. The substance of that answer was an express denial that the plaintiffs ever acted in behalf of defendant or its agents, or that defendant ever owned or had any interest in the lands described in the complaint, or that it had any negotiations with the Kinneys. Affidavits accompanying this notice of motion tended to support these allegations, and further set forth that certain stockholders of the company, one of whom had been in the company since its incorporation, had no knowledge of the pendency of the suit and never consented to the admission made in the answer, and that they would suffer irreparable injury unless a new trial was granted and an opportunity to show the facts. The motion was denied, the application was overruled, and the defendant's motion for a new trial denied. Thereupon the defendant took this appeal.

1. The primary question involved in this appeal concerns the alleged abuse of discretion of the trial court in refusing to allow the amendment. The court had previously allowed the defendant to amend its answer after a jury had been waived, and subsequently also on trial. It permitted the plaintiffs to amend their reply three times. It is elementary that amendments are not allowed as matters of right, but of discretion, and that in only clear cases of abuse of discretion of the trial court will its ruling in reference to allowing an amendment be disturbed. The trial judge did not rest his ruling upon these repeated amendments, as he might have done, but in a memorandum set forth other valid reasons sufficiently sustained by the facts. The substance of these was that Hamilton, the defendant's president, was the only person who could be prejudiced by the decision, if it should stand, and that he was in no position to complain.

The authorities cited by the defendant on this appeal, to the effect that a contract cannot be ratified by a corporation not in existence when it was made, and that a corporation is not bound by a contract made in its name before its organization, and the like, are not relevant. The

corporation could assume the obligations of a contract made before its organization, or make a new contract concerning the same subject-matter with the parties to the original agreement. It would be bound by a judgment by default to which it might have had a perfectly good defense; a fortiori, it might be bound by defenses which it had in fact asserted. The corporation in this case was bound by the admissions of its answer and by the defenses in support of which it introduced much testimony, which would necessarily be a part of the proof on the trial under the proposed amendment. That a different line of defense might have been more successful if it had been originally undertaken, which conjecture we do not undertake to decide, does not entitle it to now make that experiment. Such new defenses would necessarily be based on the falsity of the admissions of the verified answer, the impeachment of defendant's own principal witnesses, and are inconsistent with much of the documentary and oral evidence. For many reasons we are therefore clearly of the opinion that the trial court was not in error in refusing to permit defendant to file the amended answer.

2. The essential force of the argument upon other points on this appeal is destroyed by the holding that the amendment was properly refused. The trial court ruled correctly upon the defendant's three defenses. As to the first defense, it properly held that the plaintiffs had earned their commission. In point of fact defendant negotiated and made a contract with the Kinneys themselves, agreed to pay the commission to the plaintiffs, and to that end in fact deposited Kinneys' notes with Felthous to secure plaintiffs' commission. It is in no position to assert that the commission was not earned. The trial court also properly held that the defendant had failed to make out its second defense, namely, that the plaintiffs had never complied with their part of the agreement as to compensation by giving a bond to protect defendant against the claim of Harmon to some part of the commission, for the defendant was found upon abundant evidence not to have deposited the notes of the Kinneys with Felthous in accordance with the contract; that the plaintiffs subsequently requested such deposit; that defendant failed to deposit the notes until after the beginning of this suit without any valid excuse for such

neglect; that the deposit afterwards made with Felthous did not comply with the terms of the contract because the notes were unsecured, unindorsed, and unassigned to Felthous, and were accompanied by no authority to him to deliver them to the plaintiffs.

It is elementary that a breach of a contract by one party excuses performance by the other. Dodge v. Rogers, 9 Minn. 209 (223); Clark, Cont. 644, et seq. The appeal does not seem to question, nor could it successfully question, that the case as thus viewed comes within the rule that for breach of an agreement to deliver a promissory note payable in the future damages may be recovered presently, and the amount for which the note was to have been given will prima facie be the measure of damages. Dickinson, J., in American Mnfg. Co. v. Klarquist, 47 Minn. 344, 50 N. W. 243. And see Barron v. Mullin, 21 Minn. 374; Deering v. Johnson, 86 Minn. 172, 90 N. W. 363.

There was abundant testimony to justify the court in holding that the defendant and the Kinneys knew and consented to plaintiffs' employment as middlemen. It is well settled that where a broker is employed by each party, with notice that he is acting in the matter for the other, and with such notice each agrees to pay him his commission, he can recover from both. Rapalje, Real Est. Brokers, § 86; Selover v. Isle Harbor Land Co., 91 Minn. 451, 458, 98 N. W. 344; Cox v. Haun, 127 Ind. 325, 26 N. E. 822; Orton v. Scofield, 61 Wis. 382, 21 N. W. 261; Donohue v. Padden, 93 Wis. 20, 66 N. W. 804; Montross v. Eddy, 94 Mich. 100, 53 N. W. 916, 34 Am. St. 323; Ranney v. Donovan, 78 Mich. 318, 44 N. W. 276; Manders v. Craft, 3 Colo. App. 236, 32 Pac. 836; Leekins v. Nordyke, 66 Iowa, 471, 24 N. W. 1; Rowe v. Stevens, 53 N. Y. 621; Knauss v. Krueger, 142 N. Y. 75, 36 N. E. 867; Rupp v. Sampson, 16 Gray, 398, 77 Am. Dec. 416.

3. No other questions were properly presented by this record. There is, for example, no exception to the ruling of the court and no assignments of error concerning any variance between plaintiffs' pleading and their proof.

Order affirmed.