# HERMAN STEINMUELLER v. A. J. WILLIAMS.[1]

December 23, 1910.

Nos. 16,817—(183).

**Agent — receiving compensation from others than principal.**

Where real estate is placed for sale in the hands of an agent, although the price and terms of sale are fixed by the owner, it is incompatible with the agent's duties to his principal to accept any payment as the agent of the purchaser.

**Same — evidence.**

The evidence is sufficient to sustain the jury in finding that appellant was the agent of the owner of the real estate purchased by respondent, and that without knowledge of such agency respondent employed him as his agent to negotiate a trade for the property.

Action in the district court for Clay county to recover $430, commission paid in a certain exchange of real estate in the belief that defendant was acting solely as the agent of plaintiff, while in fact he was acting also as the agent of the other party to the transaction. The answer was a general denial. The case was tried before Taylor, J., and a jury which returned a verdict in favor of plaintiff for $400. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*William Russell* and *Wm. R. Tillotson*, for appellant.
*James M. Witherow*, for respondent.

LEWIS, J.

The respondent and one Kiefer entered into a trade by which respondent deeded to Kiefer a farm and gave $5,000 cash to boot. Kiefer deeded to respondent a certain building and saloon business

[1]Reported in 129 N. W. 145.

[Note] Effect of real-estate broker's acting for both parties on right to commissions, see note in 45 L.R.A. 44; and note in 24 L.R.A.(N.S.) 659.

in the city of Moorhead. Appellant was the agent through whom the parties were brought together. Respondent paid appellant the sum of $430 commission, and brought this action to recover it, upon the ground that appellant was acting as the agent of Kiefer, which fact was unknown at the time. The court instructed the jury that a person acting as agent for another in transacting the business of his principal was required to act solely for and in the interest of the principal, and he was not permitted to receive compensation from a third party; that if appellant was acting as the agent of respondent in effecting the trade, and was at the same time acting as the agent of Kiefer, respondent was entitled to recover such commission as he may have paid to him without knowledge of such fact. The jury returned a verdict for respondent in the full amount, and appeal was taken from an order denying appellant's motion for judgment notwithstanding the verdict or for a new trial.

The record does not bear out appellant's claim that the evidence conclusively shows that appellant was a mere middleman. The property had been listed by Kiefer with appellant as a real estate agent, and he had it for sale; but, having heard that respondent would be willing to trade some farm land for such a property, he looked him up and interested him, and respondent agreed to give him a sum of $500 as his commission. Respondent testified that the arrangement was that appellant agreed to and did act for him, and that he expected him to make the best bargain he could for him, and that he had no knowledge, until after he had paid the amount which he now seeks to recover, that appellant also received compensation from Kiefer. The question was in dispute, and was correctly submitted to the jury.

The rule is that where real estate is placed in the hands of a person to sell, as agent for the owner, although the price and terms of sale are fixed by the owner himself, yet it is incompatible with the agent's duties to his principal to accept any payment as agent also of the purchaser. Webb v. Paxton, 36 Minn. 532, 32 N. W. 749. The distinction between this kind of a case, and one where a real estate agent or broker is employed simply to bring the parties together, is pointed out in Hobart v. Sherburne, 66 Minn. 171, 68

N. W. 841. It is the well-settled rule, upon grounds of public policy, that an agent or vendor cannot assume the essentially inconsistent and repugnant relation of agent for the purchaser. Turner v. Fryberger, 94 Minn. 433, 103 N. W. 217, 110 Am. St. 375.
Affirmed.