# AMERICAN SECURITY & INVESTMENT COMPANY v. FREDERICK C. PENNEY.[1]

May 21, 1915.

Nos. 19,076—(53).

**Real estate broker — right to commission.**

    1. An agent to sell property cannot also represent the purchaser, at least unless his relation to each adverse party is fully understood and assented to by the other, and, if he violates his duty in this respect, he forfeits his right to compensation. But if he merely brings the parties together, and is not expected to take part in the negotiations, and in fact does not do so, he may recover compensation for bringing them together.

**Evidence.**

    2. The evidence in this case shows conclusively that plaintiff merely brought the parties together and did not act for either party in the negotiations between them.

[1] Reported in 152 N. W. 771.

Note.—The question as to the right of a real estate broker who acts for both parties, to commissions is discussed in a note in 24 L.R.A.(N.S.) 659. As to when a real estate broker is considered as the procuring cause of a sale or exchange made by his principal see note in 44 L.R.A. 344.

129 M.—24.

Action in the municipal court of Minneapolis to recover $187.50 for broker's commission upon an exchange of property between defendant and one Hayter. The case was tried before Charles L. Smith, J., and a jury which returned a verdict for $125, with interest. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Albee Smith,* for appellant.
*Paul J. Thompson* and *M. A. Hessian,* for respondent.

TAYLOR, C.

Plaintiff is a corporation engaged in the real estate business in the city of Minneapolis, and defendant listed with them for sale certain real estate which he owned in that city. On one of his visits to their office, he learned they had for sale a house on Sheridan avenue belonging to one Hayter. At his instance they wrote Hayter to come to the office for the purpose of considering an exchange of properties. Some days later Hayter came to the office in response to the letter, but found no one therein except the stenographer. She knew nothing about the matter and requested him to call again. Defendant entered the office in time to hear the latter part of this conversation. As Hayter departed, defendant asked the stenographer if he was the owner of the Sheridan avenue property, and, receiving an affirmative reply, followed him to the elevator and stated to him that, if he was the owner of the Sheridan avenue property, he, defendant, was the owner of the other property referred to in plaintiff's letter. By direct negotiations with each other they made an exchange of properties. Plaintiff knew nothing of these negotiations, nor of the exchange, until some time after the deal had been consummated, and consequently had no part therein. Plaintiff claims that defendant listed his property with the understanding that the relations between them should be governed by the rules of the Minneapolis real estate board, and, on learning that the exchange had been made, demanded a commission for bringing the parties together, and insisted that defendant should pay one-half thereof and Hayter the other half thereof, as provided by such rules. Both refused to pay. Plaintiff sued defendant and recovered a verdict for the one-half of the commission

claimed from him. Defendant made a motion for a new trial and appealed from the order denying it.

Defendant contends that plaintiff acted as agent for both parties without knowledge on the part of Hayter that they represented defendant, and that they are not entitled to a commission from either party for that reason. Plaintiff claims that they acted merely as middlemen to bring the parties together, and did not represent either party in the negotations. They in fact had no knowledge that negotiations were in progress, and, of course, took no part therein.

It is well settled that an agent to sell property cannot also represent the purchaser, at least unless his relation to each adverse party is fully understood and assented to by the other. If the agent violates his duty in this respect, he forfeits his right to compensation. Dartt v. Sonnesyn, 86 Minn. 55, 90 N. W. 115; Steinmueller v. Williams, 113 Minn. 91, 129 N. W. 145. But it is also settled that a real estate agent employed merely to bring parties together, and who is not expected to take part in the negotations and in fact does not do so, may recover compensation for bringing them together. Hobart v. Sherburne, 66 Minn. 171, 68 N. W. 841; Wasser v. Western Land Securities Co. 97 Minn. 460, 107 N. W. 160; Clark v. Allen, 125 Cal. 276, 57 Pac. 985; Friar v. Smith, 120 Mich. 411, 79 N. W. 633, 46 L.R.A. 229; Orton v. Scofield, 61 Wis. 382, 21 N. W. 261. Hayter did not know that plaintiff represented defendant, but defendant knew that plaintiff represented Hayter as well as himself. Writing the letter which brought the parties together is the only act performed by plaintiff which had anything to do with the exchange of the properties, and this letter was written at the express request of defendant. Hayter never saw plaintiff after receiving the letter, and neither he nor defendant informed plaintiff that negotiations were in progress, but completed their trade without plaintiff knowing anything about it. The record shows conclusively that plaintiff violated no duty it owed to defendant, and defendant is not in position to raise the objection urged. Defendant also claims that, although he listed other property with plaintiff, he did not list with them the property transferred to Hayter, but the jury found against him on this issue and the evidence amply sustains their verdict. We find no

error in the rule adopted by the trial court for ascertaining the amount which plaintiff was entitled to recover.

Order affirmed.