## LANE J. HORRIGAN v. LOUIS SAEKS.[1]

October 7, 1932.

No. 28,944.

*Dunn & Butchart,* for appellant.
*Fryberger, Fulton & Boyle,* for respondent.

HOLT, J.

Plaintiff, a real estate broker, recovered a verdict for the agreed commission for procuring a purchaser for certain real estate in Duluth owned by defendant. Defendant's motion for judgment notwithstanding the verdict or a new trial having been denied, he appeals.

The short facts are these: Defendant resided in Michigan but owned an apartment building, Nos. 1121 and 1123 London road, on lot 6, block 2, of Banning and Ray's Division, Duluth. The Bates Company, conducting a real estate and insurance business in Duluth, was collecting the rents and in charge of the property for defendant. In February, 1931, plaintiff and defendant met in the office of The Bates Company, and the employment was effected. Plaintiff and

[1] Reported in 244 N. W. 545.

defendant did not personally meet thereafter. In a few days plaintiff brought a proposed written earnest money contract to The Bates Company. Defendant testified that the company was his agent, and all communication between plaintiff and defendant was through it. The Bates Company submitted by mail the proposed earnest money contract to defendant, who thereupon came to Duluth; but after consultation with The Bates Company he rejected the proposed sale because the price was too low. However, he and The Bates Company then prepared, in duplicate, an earnest money contract with the purchaser's name in blank containing the terms upon which a sale could be made. Defendant signed the duplicates and left them with The Bates Company to deliver to plaintiff for use in case he found a purchaser. The price was substantially $3,000 more than in the first proposed contract. It provided for a cash payment of $3,000, the acceptance of a note and second mortgage for $7,888.52 upon Duluth business property, and the assuming and agreeing to pay an existing mortgage of $9,000 upon the property bought. The second mortgage mentioned, known as the Burg mortgage, was subject to a first mortgage for $35,000 due May 1, 1931. When advised that a purchaser, M. J. McKeon, had executed the proposed earnest money contract and desired defendant's wife also to execute the same, defendant directed The Bates Company to send it to him for that purpose. It was sent by The Bates Company to Michigan, signed by the wife, and returned to it. The company also informed the plaintiff of the fact that the contract had been executed by both sellers. Later defendant refused to carry out the deal, giving as an excuse that the $35,000 mortgage, to which the second mortgage he had agreed to accept as part payment was subject, fell due too soon.

The answer was a general denial, which on the trial was amended by the addition of this allegation:

"That if plaintiff acted in the matter of a sale of the premises described in the complaint, he was acting for the purchaser, and if plaintiff claims to have acted therein for defendant, plaintiff failed to make full and fair disclosure of all the facts within his

knowledge surrounding said sale, and such concealment constituted a fraud on the defendant."

The court submitted to the jury the issue as to the failure of plaintiff to make a full and fair disclosure to defendant of the facts within his knowledge in accord with an instruction requested by defendant. The court refused to submit the defense first set out in the amendment to the answer, on the ground that there was no evidence warranting such submission. Defendant asked the court to submit it by a properly framed instruction. To the refusal so to do exception was duly taken. Whether the court erred in this refusal and in refusing to grant judgment notwithstanding the verdict are the only two points that are presented on this appeal.

Was there evidence of a dual employment by both vendor and vendee so that the court erred in refusing to submit that issue by giving the requested instruction? The law on the subject of dual employment and its effect upon the agent's compensation from the party who dealt in ignorance of the fact that his agent was also the agent of the other party to the contract is settled in this state. Webb v. Paxton, 36 Minn. 532, 32 N. W. 749; Hegenmyer v. Marks, 37 Minn. 6, 32 N. W. 785, 5 A. S. R. 808; Hobart v. Sherburne, 66 Minn. 171, 68 N. W. 841; Dartt v. Sonnesyn, 86 Minn. 55, 90 N. W. 115; Steinmueller v. Williams, 113 Minn. 91, 129 N. W. 145; American S. & I. Co. v. Penney, 129 Minn. 369, 152 N. W. 771. And if there had been any evidence so that, had a jury found a double employment, it could be said that such a finding had a reasonable support, there was error in refusing to submit that defense. But we are satisfied from a careful examination of the record that there is no evidence warranting a finding of a dual agency.

It appears that in order to enable McKeon, the purchaser produced and accepted, to carry out the purchase on the terms proposed by defendant, a deal had to be arranged between one Camenker, who held the mortgage defendant was to receive, and McKeon. In the deal between those two, plaintiff on cross-examination admitted that he was acting for both. Then the next question asked was: "We gather then from that that you were representing all three parties in this transaction?" Plaintiff answered "Yes." As-

sisting the purchaser to make a deal with a third party, in order to enable the purchaser plaintiff procured to enter into and perform the contract defendant drew and accepted, cannot be considered in any sense conflicting with his employment by defendant. McKeon attended the trial under subpoena from defendant but was not called to testify. There was no evidence that plaintiff had received or asked for any compensation from either McKeon or Camenker, or that either had requested plaintiff to act as agent in the deal with defendant. So the court did not err in refusing to submit the defense of dual employment.

Little need be said on the proposition that the court did not err in denying the motion for judgment notwithstanding the verdict. Defendant on the witness stand admitted that he employed plaintiff to make a sale. Plaintiff attempted to do this and presented an earnest money contract signed by a purchaser. The price and terms were not acceptable; but defendant, with the assistance of The Bates Company, drew an earnest money contract containing the price and terms desired by defendant, leaving the purchaser's name blank. The second mortgage to be accepted as part of the purchase price was also to be so accepted in the first earnest money contract which plaintiff proposed and defendant rejected. Before the defendant had the second earnest money contract prepared he had inspected the property upon which the second mortgage he was to accept was given. When plaintiff procured a purchaser ready, able, and willing to buy on defendant's proposed contract, plaintiff had earned his commission. It is presumed that the purchaser who signs a contract to buy is ready, able, and willing to carry out the contract according to its terms. Goss v. Broom, 31 Minn. 484, 18 N. W. 290; Grosse v. Cooley, 43 Minn. 188, 45 N. W. 15; Sherwood v. Rosenstein, 179 Minn. 42, 228 N. W. 339. There was no attempt to show that McKeon was not ready, willing, and able to carry out the contract he signed. The amount of the commission is not disputed. Its payment was not made to depend on a condition as in Huntley v. Smith, 153 Minn. 297, 190 N. W. 341. Clearly defendant was not entitled to judgment notwithstanding the verdict.

The order is affirmed.