## WILLIAM W. MEINERS v. ALOIS D. KENNEDY AND ANOTHER.[1]

November 16, 1945.

No. 34,055.

[1]Reported in 20 N. W. (2d) 539.

*Richard S. Felhaber* and *Gustav A. Larson,* for appellant.
*B. H. Loftsgaarden,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was an action to recover a real estate commission. As to defendant Marion C. Kennedy, there was a dismissal, so we are concerned only with an appeal from the resulting judgment taken by defendant Alois D. Kennedy, to whom we shall refer hereinafter as defendant.

The case was tried to the court, and these, in substance, are the facts found: That defendant authorized plaintiff to act as his agent in procuring a purchaser of certain real estate owned by him in St. Paul; that, pursuant to the agreement, plaintiff found as

purchasers William E. and Dorothy Uhlendorf, husband and wife, "who were willing, able and ready to buy upon the terms proposed by the defendant, and both of them signed a contract of sale, exhibit D," drawn by defendant with the aid of his attorney; that defendant agreed to pay plaintiff a commission of $3,000, *i. e.,* five percent of the listed sale price, $60,000; that in the contract (exhibit D) there was a provision that the Uhlendorfs were to execute a note for $3,000 as part of the purchase price; that, as to plaintiff's commission, defendant had the option of paying this amount in cash or he could transfer the note to plaintiff without recourse, but that defendant, "through his own acts, prevented the purchasers from carrying out the terms" of the contract; and that plaintiff performed all the duties required of him as a broker in the sale of the property and consequently he was entitled to recover $3,000 with interest and costs. Upon these findings, judgment was entered. There was no motion for a new trial, nor are there any errors in rulings or proceedings presented by the appeal.

■ In Winning v. Timm, 210 Minn. 270, 271, 297 N. W. 739, we held:

"Error, if any, in a ruling on the trial may not be reviewed on an appeal from a judgment if appellant did not take an exception to the ruling on the trial or assign it as error in a motion for a new trial." (Citing prior cases.)

So, also, in Potvin v. Potvin, 177 Minn. 53, 224 N. W. 461, we held:

"On appeal from a judgment after trial by the court, no motion for a new trial having been made and no errors in rulings or proceedings at the trial being involved, the questions for review are limited to a consideration of whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and judgment."

*Cf.* Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327, 332; 1 Dunnell, Dig. & Supp. § 388a, and cases cited in notes; Minn. St. 1941, § 547.03 (Mason St. 1927, § 9327).

As held in the Potvin case, the questions here for review are limited to a consideration of whether the evidence sustains the findings and, if so found, whether these sustain the conclusions of law and judgment. In the performance of that duty, we have carefully examined the record for the purpose of ascertaining whether there is substantial merit in these contentions of defendant:

(1) "* * * that plaintiff did not fulfill the obligations of his agency, namely, to produce a purchaser ready, willing, and able to buy upon the terms of the defendant, or to obtain from a purchaser a binding contract to purchase on defendant's terms," and

(2) "* * * that even if plaintiff has performed the terms of his agency the trial court erred in assessing his damages in the amount of $3,000.00 and should have assessed some lesser amount to be determined upon the present value of" the $3,000 note mentioned in the contract, exhibit D.

■ We do not intend, nor is it within our province, to go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the trial court. Rather, our duty is fully performed when we have fairly considered all the evidence and from it have determined that it reasonably supports the findings. The question is "not that the trial court would not have been justified in making findings thereon in appellant's favor, but that the findings made are supported by evidence reasonably tending to establish the facts found." Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 203, 300 N. W. 811, 813.

Tested by the stated rule, we find and conclude that the evidence amply sustains the findings of trial court.

■ In contracts of the type here involved, our cases hold, in the following language chosen and used in Kaercher v. Schee, 189 Minn. 272, 277, 249 N. W. 180, 182, 88 A. L. R. 294:

" 'When plaintiff advised defendants that his customers were ready to buy on defendants' terms, after having theretofore agreed so to do, defendants' refusal to contract, without just reason or

excuse, and their repudiation of the agreement with plaintiff, breached the contract and dispensed with the necessity of production of buyers.' [Citing cases.]

"* * * So the general rule * * * is that where a broker finds a customer able and willing to enter into a transaction on the terms proposed by the principal he cannot, unless there is a special contract to the contrary, be deprived of his right to compensation by reason of the principal's refusing to complete the sale without having good grounds for his refusal." (Citing cases.)

So, also, in Horrigan v. Saeks, 187 Minn. 115, 118, 244 N. W. 545, 546, where we said:

"* * * When plaintiff procured a purchaser ready, able, and willing to buy on defendant's proposed contract, plaintiff had earned his commission. It is presumed that the purchaser who signs a contract to buy is ready, able, and willing to carry out the contract according to its terms." (Citing cases.)

Our cases are cited in 1 Dunnell, Dig. & Supp. § 1147, under the title "Brokers—When commission earned."

■ In respect to the second point claimed by defendant, it is sufficient to say that, since he refused to exercise his choice, but voluntarily disabled himself from performance, he is in duty bound to pay the promised sum. This court so determined in Westfall v. Ellis, 141 Minn. 377, 384, 170 N. W. 339, 342, saying:

"It is a general rule that, where a promise is in the alternative to do one or the other of certain things, the promisor ordinarily has the right to elect which one of the alleged promises he will perform, but, if he disables himself from performing one of the alternatives, the other becomes a fixed obligation. In considering a case similar to the one before us, this court said: 'This amount he had the option, under the contract, to discharge in land or money. He did not exercise his option to discharge the liability in land, hence it became a money demand.'"

It follows that the judgment must be and is affirmed.
Affirmed.