GEORGE A. HYNES' EXECUTRIX, Appellant, v. AMBROSE K. BRETTELLE, Respondent.

St. Louis Court of Appeals, April 7, 1897.

Real Estate Agent: COMMISSIONS, RIGHT TO RECOVERY OF: EVIDENCE. *Held:* That, under the facts of this case, plaintiff's right to recover depended entirely upon whether he had knowledge or information of the claim against the property sold by him, at the time he negotiated the sale and procured the signatures to the contract. If, at that time, he had no such knowledge or information, he had a right to his commission; and the fact that he merely remarked to the purchaser that she was not compelled to accept an imperfect title, after he had discovered the defect, did not deprive him of that right.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Webster & Webster* and *Hiram J. Grover* for appellant.

The judgment is contrary to the weight of the evidence, and not being based upon substantial legal evidence, should not be permitted to stand. *McCarthy v. Fagin*, 42 Mo. App. 619; *Peck v. R. R.*, 31 *Id.* 123.

When Hynes procured the execution of the contract, he had fully performed the duties of his employment, and evidence as to anything which happened after that, except payment, was inadmissible. *Collins v. Fowler*, 8 Mo. App. 588; *Hayden v. Grillo*, 35 *Id.* 647; *Love v. Owens*, 31 *Id.* 501; *Duclose v. Cunningham*, 102 N. Y. 678; *Watson v. Brooks*, 8 Sawy. 316; *Rice v. Mayo*, 107 Mass. 550.

Evidence of the fact that Hynes did not object to the cancellation of the contract was not admissible, the

parties having a right to cancel it whether he objected or not, and the fact that they did so not constituting any defense to this action. *Granger v. Griffin*, 43 Ill. App. 423; *Brown v. Helmuth*, 21 N. Y. Sup. 615.

Whether or not Hynes advised Mrs. Morrison not to take any title other than her contract called for was immaterial, and therefore inadmissible, for, if Brettelle's title was good he could have compelled specific performance, and if not good, that fact afforded no excuse for withholding Hynes' commission. *Christensen v. Wooley*, 41 Mo. App. 53.

The instruction which submitted the question of Hynes' agency for Mrs. Morrison was erroneous, there being no evidence to that effect. *Wylie v. Waddill*, 52 Mo. App. 226; *Wilkerson v. Eillers*, 114 Mo. 245; *Stone v. Hunt, Id.* 66.

The instruction which declared that, if the contract was canceled with the consent of Hynes, he could not recover, was prejudicial and erroneous. *Granger v. Griffin, supra; Brown v. Helmuth, supra; Parker v. Walker*, 86 Tenn. 566; *Hanan v. Moran*, 38 N. W. Rep. 909.

*W. B. Thompson* for respondent.

BLAND, P. J.—On October 13, 1896, after the transcript was filed in this court, the death of Hynes, the plaintiff, was suggested. The appearance of his executrix, Louisa Hynes, was entered and the suit revived in her name; and the appeal is prosecuted by her as the legal representative of Geo. A. Hynes, deceased. The petition alleges that the plaintiff, Hynes, about September 1, 1893, was employed as a real estate broker by the defendant, to sell for defendant a lot of ground in block 117, of the city of St. Louis, fronting on Olive street. That a few days thereafter he nego-

tiated a sale of said ground to one Adele S. Morrison, for the sum of $85,000 which sale was accepted by the defendant, and a written contract evidencing the sale and terms of sale was prepared by plaintiff, and signed by Mrs. Morrison and the defendant. That by the terms of the contract entered into by plaintiff and the defendant, defendant agreed to pay plaintiff two and one half per cent of the selling price of said lot, or $2,125 as commission for negotiating the sale.

The answer of defendant was, *first*, a general denial; *second*, that plaintiff was the agent of the purchaser, Mrs. Morrison; *third*, the bad faith and neglect on the part of the plaintiff to inform the purchaser of defects of the defendant's title to a part of the ground; *fourth*, that, after obtaining the contract of sale with Mrs. Morrison, the plaintiff advised and procured her to repudiate the contract and refuse to carry out and comply with its terms; *fifth*, that plaintiff advised and consented to a cancellation of the contract; *sixth*, that the plaintiff procured the signature of defendant to the contract of sale, by deceit, false and fraudulent statements and representations. There was a reply filed traversing the new matter set up in the answer, a trial had before a jury, verdict and judgment for the defendant, from which plaintiff appealed to this court.

The appellant procured Mrs. Adele S. Morrison to purchase the property, and he prepared a written contract on the sixth of September, 1893, which was signed by Mrs. Morrison and the defendant, and $500 was paid defendant by Mrs. Morrison, as earnest money. The contract is as follows:

"Mr. Brettelle sells to Mrs. Morrison, this 6th day of September, 1893, his property on Olive street in block 117, of the city of St. Louis, consisting of a warranty title to 25 feet x 114, next to and adjoining

her property at northeast corner of 6th & Olive, and a possessory title to an additional 1 foot and 8 inches, on the east of said 25 feet, acquired by a decision of the supreme court of Missouri in May, 1893, and will give a quitclaim deed to said 1'8'' or a title to same, satisfactory to the 'St. Louis Trust Co.'

"Mrs. Morrison gives Mr. Brettelle for the above property, warranty title to her 7 houses at N. E. corner of Grand & Laclede, and forty-five thousand dollars ($45,000), part cash, and part in 2 deeds of trust, or all cash.

"Transfers to be made on or before October 1, 1893, at the office of Geo. A. Hynes in St. Louis.

"The taxes on each property to be paid by each owner, Mr. B. on Olive St. & Mrs. M. on Grand Ave. up to the date of transfer. Any difference in amount to be paid each to the other.

"The rent to be arranged in same way. Mrs. M. to pay anything collected ahead from date of transfer, less what may be due from tenants, which is to be deducted therefrom and any difference (if any) in her favor, to be paid by Mr. B. Mr. B. to pay Mrs. M. the monies collected from his tenants and for any and all time from the date of said transfer.

"Insurance policies to be transferred as they exist. Each to furnish to the other abstracts of their properties, now in their possession, without any charge.

"Any outstanding bills for repairs, made prior to the date of transfer, to be paid by each party on their properties.

"Titles to be perfect and free from liens except as mentioned herein, or on sale, and the payment made by Mrs. Morrison, amounting to $500, as part payment is to be returned to her.

"The terms of the sale are therefore:

"Grand Ave. houses representing..... ........$40,000.00
Cash........................................ 21,000.00
Deed of trust of Mrs. Morrison on Olive St. prop-
    erty, 3 years (a) 6%... ......... ......... 20,000.00
2nd deed of trust of Mrs. Morrison on Olive street,
    payable on or before 2 years (a) 6% interest,
    payable semiannually on % of assuming the
    $13,000.00 deed of trust by Mr. Brettelle.... 17,000.00

                                                   $98,000.00
Less the Grand Avenue D. of T. assumed by
    Brettelle................................. 13,000.00

                                                   $85,000.00

"The consideration in the deed by Mr. Brettelle to Mrs. Morrison is to be made $100,000 irrespective of above contracts.

"Mr. Brettelle is also to assign his leases to Mrs. Morrison, and Mrs. Morrison is to assign her leases to Mr. Brettelle, if she has any.

"Mr. Brettelle assumed a deed of trust on Laclede & Grand Avenues for $13,000.

"Mr. Loader pays $3,300.00 per year—expires May 1, 1895.

"Mr. King pays . . $3,000.00 per year—expires May 1, 1895.

                  $6,300.00

"Mr. Brettelle is to have Mrs. Morrison's notes on the Laclede Ave. property canceled and returned to her.

"Mr. Brettelle hereby acknowledges the receipt of $500 mentioned above as part payment on the above property, subject to the above terms and conditions.

          "A. K. BRETTELLE,    [SEAL]
          "ADELE S. MORRISON.  [SEAL]"

On the thirtieth of September, 1893, the parties met at the office of William B. Thompson in the city

REAL estate agent: commission, right to recovery of: evidence.

of St. Louis, to close up the transaction. Mrs. Morrison was accompanied by her real estate agent, Mr. R. M. Noonan. Hynes, the defendant, and Mr. Thompson were all present. Deeds from defendant and wife were prepared and signed, conveying the property to Mrs. Morrison. An abstract of title was procured from the St. Louis Trust Company, by which it was shown that one Martha Sells made claim to, and had brought suit to recover, an undivided one third interest in a narrow strip on the west side of the lot, and adjoining other property owned by Mrs. Morrison. Mrs. Morrison had a consultation with her attorney, after which she hesitated to accept the title, asked Messrs. Noonan and Hynes what to do about it. Hynes advised her not to take a defective title, whereupon she declined to complete the purchase, and the contract of sale was canceled by mutual consent, and the $500 paid by her as earnest money was returned to her by Brettelle.

The defendant swears that he disclosed to Hynes the true condition of his title and informed him of the Martha Sells claim when he engaged him to negotiate the sale. He also swears he informed Mrs. Morrison of the Sells suit, after he and she had signed the contract, and advised her to see Mr. Thompson, his attorney, in relation to the matter. That he objected to signing the contract, unless the Sells suit was mentioned; that Hynes told him he had fully explained the Sells claim to Mrs. Morrison, and that it was all right; she understood it, and that it was all right as it was written. Hynes denied that Brettelle gave him any information about the Sells claim and suit; denied he ever heard of it, until he detected it from the abstract. Mrs. Morrison denied that Brettelle ever informed her of any such claims, or ever

advised her to see Mr. Thompson, or that she ever consulted Thompson. There is substantially no evidence that Hynes was the agent of Mrs. Morrison in this transaction. They both emphatically deny any such agency, and there is nothing in the record to indicate any such relation. That Hynes negotiated the sale and procured the signature of Mrs. Morrison and defendant to the contract, is not disputed. That Mrs. Morrison was able and ready to comply in every respect with its terms, on her part, is not denied. That the claim of Martha Sells to a small fraction of the lot, was the sole cause of her refusal to carry out the contract, is quite evident, and is not controverted by any evidence we have been able to find in the record. The plaintiff's right to recover under this state of facts is dependent wholly upon the fact of his knowledge and information of the Martha Sells claim, at the time he negotiated the sale and procured the signatures to the contract. If at that time he had no knowledge or information of the Sells claim, he is entitled to his commission, for it was not his fault that the sale was not completed, but the fault of the defendant in failing to disclose to him the true condition of his title; nor would the fact under such circumstances that he merely said to Mrs. Morrison that she was not compelled to accept an imperfect title, after he discovered this defect, deprive him of his right to commissions. But he had no right, as the evidence has some tendency to prove, to assume the role of an adviser for her in respect of the business. He was the agent of the defendant, and his duty as such precluded him from actively interfering to prevent the consummation of the purchase. On the other hand, if Brettelle informed him of the Sells claim before the negotiations were made with Mrs. Morrison, and he (plaintiff) concealed this claim from her, and repre-

sented to defendant, as claimed by defendant, that ·he had fully informed her of this claim, and that it would be all right for defendant to sign the contract as prepared, and by such concealment and false statements and representations procured the execution of the contract by defendant and Mrs. Morrison, then it is clear that he would not be entitled to commission; he could not profit by his own fraudulent practices. If there is any other theory upon which the plaintiff's right to recover in this case can be denied, we have not been able to discover it from a careful reading of the two hundred pages of record in this case.

Entertaining the view of the case we do, it is not necessary to discuss the numerous and voluminous instructions given and refused on the trial. Suffice to say they are not in harmony with the views herein expressed. It follows that we reverse the judgment and remand the cause. All concur.