FRIAR *v.* SMITH.[1]

1. BROKERS—DOUBLE AGENCY—COMMISSIONS.
   A broker employed to sell property cannot be at the same time
   the agent of the purchaser, and entitled to commissions from
   both parties, unless both principals know that he is acting in
   such dual capacity.

2. SAME—MIDDLEMEN.
   A broker employed as a mere middleman, not to negotiate a
   sale or purchase, but simply to bring two parties together, and
   permit them to make their own bargain, may recover an
   agreed compensation from either or both, though neither may
   know that compensation is expected from the other.

Error to Kent; Adsit, J. Submitted April 5, 1899.
Decided June 19, 1899.

*Assumpsit* by James Friar and Martin Friar against
Henry C. Smith to recover a commission on an exchange
of real estate. From a judgment for plaintiffs, defendant
brings error. Affirmed.

*Wolcott & Ward*, for appellant.

*Dunham & Dunham*, for appellees.

MONTGOMERY, J. The plaintiffs are real-estate brokers. This action is brought to recover a commission
claimed to be due from defendant for introducing him to
another customer of plaintiffs, with whom defendant made
an exchange of property. The plaintiff James Friar, on the
trial at the circuit, testified that he told the defendant that
he had certain farms in his hands which the owner
desired to exchange for city property, and that defendant
agreed with him that, if he (Friar) would bring him (defendant) a customer with whom he could make a deal, a

---

[1] Rehearing denied November 7, 1899.

commission would be paid. The witness also testified that the defendant was at the time informed that the plaintiffs also expected a commission from the other party to the transaction. This testimony was corroborated by other witnesses. It appeared in the case that the plaintiff James Friar had given a somewhat different version of the transaction in the justice's court; that he omitted to state that defendant was informed that plaintiffs expected a commission from the other party; and that he testified in justice's court that defendant's promise was to pay a commission to any one who made a deal for him. The defendant denied any agreement to pay commissions at all, and denied that he was told that plaintiffs were to receive a commission from the other party to the trade. It appeared that plaintiffs subsequently introduced to defendant one Hanrahan, who owned two farms near Grand Rapids, and that an exchange was made by defendant of his property for one of these farms. The witness James Friar testified that his arrangement with Hanrahan was identically the same as with defendant. The defendant's contention apparently was twofold:

(1) That he made no agreement to pay commissions, but dealt with plaintiffs as agents of Hanrahan.

(2) That, if the jury should find an agreement to pay commissions, the evidence given in justice's court by plaintiff James Friar disclosed a contract against public policy, and that for this reason plaintiffs were not entitled to recover.

A number of exceptions were noted to rulings on admission of testimony, which we have examined, but do not discuss at length, as we are convinced that no damaging error was committed in this regard.

The rules of law applicable to this class of cases are briefly stated:

1. An agent to sell may not become the agent of the purchaser, nor may an agent to buy become the agent of the seller, unless the principals are duly acquainted with the fact that the agent is acting in such dual capacity.

Mechem, Ag. § 943; *Scribner* v. *Collar,* 40 Mich. 375
(29 Am. Rep. 541); *Leathers* v. *Canfield,* 117 Mich. 277.

2. If, however, both principals, with full knowledge,
consent that the agent act on behalf of both,. the agree-
ment for compensation is binding.   See cases cited above.

3. Defendant, who knows that his agent expects a com-
mission, may defeat recovery by showing that the other
principal of the agent is unaware of the fact of such double
agency, and this on the ground that the parties have en-
gaged in a transaction against public policy.   The law
will not enforce their contracts, but will leave them where
it finds them.   *Rice* v. *Wood,* 113 Mass. 133 (18 Am.
Rep. 459); *Rice* v. *Davis,* 136 Pa. St. 439 (20 Am. St.
Rep. 931); *Everhart* v. *Searle,* 71 Pa. St. 256.

4. But there is another class of cases, in which the broker
is not employed to negotiate a sale or purchase, but simply
to bring two parties together, and permit them to make
their own bargain.   In such case he is a mere middleman,
and may recover an agreed compensation from either or
both, though neither may know that compensation from the
other is expected.   This is on the ground that such an
employment does not place the broker in a position where
he can sacrifice the interests of his principal, and because
he is not, as agent of the owner, bound to secure the best
price obtainable, or, as agent of the buyer, to purchase at
the least price at which the property can be bought, as
in such case he has nothing to do with fixing the price.
Neither party has contracted for his skill, knowledge, or
influence, and he stands entirely indifferent between them.
Mechem, Ag. § 973; *Ranney* v. *Donovan,* 78 Mich. 318;
*Montross* v. *Eddy,* 94 Mich. 100 (34 Am. St. Rep. 323);
*Rupp* v. *Sampson,* 16 Gray, 398 (77 Am. Dec. 416);
*Orton* v. *Scofield,* 61 Wis. 382.

The pivotal question in this case is whether the plaintiffs
brought themselves within the rule last above stated, and
whether the charge of the court fairly presented the ques-
tion to the jury.

After presenting plaintiffs' theory to the jury, the cir-
cuit judge charged as follows:

"There has been considerable said in your presence about agency. Now, under the defendant's theory of this case, they claim that the contract, if one was made between the parties, was one of agency, and not, as the plaintiffs claim, one that would constitute them middlemen. The law does not recognize the liability of either party to such an agency as the defendant claims was the case. A man cannot act for the best interests of his principal in that manner; that is, as the agent of both parties, where he, or the agent, has to do the work,— effect the exchange. Therefore, the law holds it is against public policy to permit a recovery by an agent for a compensation for making a sale or exchange of property from either the grantor or the grantee, unless such party against whom he seeks to collect had full knowledge of such double agency at the time he employed the agent. This rule of law on this subject is the same today as it was in Jerusalem 2,000 years ago. A man cannot serve two masters at the same time, especially where their interests are diametrically opposed; and if you find that the contract that was made was one of agency, instead of that of middlemen,— that the plaintiffs were to make the trade, instead of the parties,—then plaintiffs are not entitled to recover.

"Now, the plaintiffs' claim in this case is that they did not agree to do anything for the defendant, but they allege that. the defendant agreed that, if they did do certain things,— that is, bring to the defendant a man with whom he could trade his property for a farm,— then, in that event, the defendant would pay the plaintiffs a commission therefor. This distinction of the claims of these two parties is well defined, and it is for you to determine which theory is true; that is, whether or not the defendant agreed to pay the plaintiffs for bringing to him a man with whom he could trade, they to do nothing in the matter, or whether or not the defendant agreed that they (the plaintiffs) should make the deal, as they term it,— the trade or exchange,— in which event they would be his agents, instead of middlemen, doing nothing between them. I want you to understand that distinction. That is the distinction in this case. Which is true? If it is as the plaintiffs claim, then they are entitled to recover. If it is not as they claim,—if the contract was not made as they claim,—then they are not entitled to recover. If the alleged agreement had been that the plaintiffs agreed with

the defendant that they would take his property, and do the best they could to find a purchaser for it by way of sale or exchange, and actually did find Hanrahan, and negotiate the exchange with him,—make the trade, or deal, as they term it,—then that would have constituted an agency, an agreement to do something; and, if they were to receive a commission from Hanrahan as well as from Smith, then in that event the law would not allow them to collect from either Smith or Hanrahan, unless the party sued had full knowledge of such double agency prior to the sale or exchange."

Various clauses of this instruction are criticised, but on full consideration we are all agreed that the jury could not fail to understand, from the instructions, that the plaintiffs were only entitled to recover in case it was found, as a fact, that they contracted only to bring the parties together, and that, if this engagement was made to make the deal, they could not recover.

Error is assigned upon refusal to charge as requested. An examination of these requests not given, in connection with the charge, discloses that such of the requests as were proper were covered by the general charge, in which the court sought to narrow the issue to a single point. Under the instructions given, the jury must have found that the plaintiffs were middlemen, and, if this fact was found, they were entitled to recover, if, as the jury evidently found, there was an agreement for compensation.

We discover no prejudicial error. The judgment is affirmed.

The other Justices concurred.