HORWITZ v. PEPPER.

1. BROKERS — SALE OF REAL ESTATE — RIGHT TO COMMISSIONS —
   DOUBLE EMPLOYMENT.
     Where, in an action for commissions on a sale of real estate, it
     appeared that plaintiff first took a contract to himself, refus-
     ing until afterwards to disclose the name of the purchaser, he
     was something more than a middleman, and hence if, without
     defendant's knowledge, he was also to receive compensation
     from the purchaser, he could not recover from defendant.

2. SAME—IMPLIED CONTRACT—EVIDENCE.
     Where, in an action for commissions on a sale of real estate,
     plaintiff's claim rested on an alleged conversation in which he
     told defendant that he thought he could sell his land for him,
     and defendant said that he wished he would, the fact that
     plaintiff was not a real-estate broker, but a dealer in cigars,
     and that he frequently stopped at the hotel of defendant, who
     bought all of his cigars from him, was competent for the jury
     to consider in determining whether there was an implied con-
     tract of employment.

Error to Alpena; Emerick, J. Submitted November
15, 1901. Decided December 3, 1901.

*Assumpsit* by Marks Horwitz against John Pepper to
recover a commission on a sale of real estate. From a
judgment for defendant, plaintiff brings error. Affirmed.

This suit is brought to recover a commission for an
alleged sale of real estate. Plaintiff was a manufacturer
and dealer in cigars, residing in Alpena, and traveling
over the adjoining country selling his goods. Defendant
kept a hotel in Millersburg, a small village. For some
years defendant had purchased his cigars exclusively from
plaintiff. When at Millersburg plaintiff stopped with the
defendant. On one of these occasions a conversation
occurred about the sale of defendant's hotel, in which
plaintiff testified that defendant asked him if he could

find a buyer for the hotel; that he would like to sell it, and, if he could hear of anybody or find anybody to sell it, he would like to sell it; that afterwards he had another conversation with him, in which he asked defendant if he still wanted to sell the place; that defendant replied he did; that plaintiff told him he thought he could find a buyer, and that defendant said, "If you can, I wish you would." This is the testimony relied upon to constitute an implied contract of employment to sell the property. Defendant denies this conversation, testifying that he only told plaintiff that, if he (defendant) got a chance to sell the property, he would sell it. Plaintiff effected a sale, first taking a contract to himself, refusing to tell defendant who the purchaser was until he had secured a written contract. The purchaser lived in Millersburg, and paid plaintiff $50 for services rendered by him in the matter. The jury rendered a verdict for the defendant.

*I. S. Canfield*, for appellant.

*Charles R. Henry*, for appellee.

GRANT, J. (*after stating the facts*). 1. The court very clearly instructed the jury in accordance with the rule in *Friar* v. *Smith*, 120 Mich. 411 (79 N. W. 633, 46 L. R. A. 229). There was evidence that neither the defendant nor his vendee had any knowledge that either was paying plaintiff a commission. Plaintiff, under his own testimony, was not a middle man, under the rule of that case. He negotiated the trade himself with the defendant, who did not know who the real vendee was until he had executed his contract to the plaintiff.

2. Plaintiff was not a real-estate dealer, and never attempted to negotiate a sale before. This fact, and his relations and dealings with the defendant, were competent evidence for the jury to consider in determining whether, even under the plaintiff's own statement, there was an implied contract of employment.

Judgment affirmed.

The other Justices concurred.