E. L. DAUGHERTY, Appellant, v. ZENO STOCKS, Respondent.

Kansas City Court of Appeals, January 11, 1915.

1. **REAL ESTATE BROKERS: Good Faith: Forfeiture of Compensation.** It is the duty of an agent in negotiating a sale of his principal's land to act in the utmost good faith with him, and if he has knowledge of substantial matters which may materially affect his principal's judgment in forming conclusions as

to whether he should sell, it is a flagrant breach of duty to conceal such information from his principal, and it will forfeit his right to compensation.

2. ———: **Dual Agency: Good Faith.** If there is a dual agency by consent in the sale of land, the agent owes to each of his principals the same degree of good faith as if he were a single agent.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*Walker & Walker* for appellant.

(1) There was not only a total failure of proof to support it, but defendant's own testimony negatived the principal hypothesis. Friedman v. Pulitzer Publishing Co., 102 Mo. App. 683; Hewitt v. Steele, 118 Mo. 463; Beauchamp v. Higgins, 20 Mo. App. 514; Sallee v. McMurry, 113 Mo. App. 153; Mateer v. Railroad, 105 Mo. 320; Campbell v. Van Houten, 44 Mo. App. 231; Newell v. St. Louis Bolt Co., 5 Mo. App. 253. (2) The court erred in giving the third instruction for defendant. Walters v. Cox, 67 Mo. App. 299; Thompson v. Botts, 8 Mo. 710; Galbreath v. Cranes, 91 Mo. App. 512; Matlock v. Meyers, 64 Mo. 531; Anderson v. McPike, 86 Mo. 293. (3) It was error to admit in evidence the statement of witness Kelly that plaintiff tried to defraud him, and lied to him. This was the opinion of the witness, and the language used was extremely prejudicial. King v. Railroad, 98 Mo. 235.

*F. G. Harris* and *Finley & Sapp* for respondent.

(1) The rule requires that the agent act with the utmost good faith toward his principal, even to the extent of disclosing all facts within his knowledge

which are or may be material to the matter in which he is employed, or which might influence the action of his employer in relation thereto. 4 R. C. L., p. 272, sec. 22; Carter v. Owens, 50 So. 641, 25 L. R. A. (N. S.) 736, and case note. And such is the rule in Missouri. Hynes' Ex. v. Brettelle, 70 Mo. App. 350, 351; Van Raalte v. Epstein, 202 Mo. 173. (2) Fraud as against the purchaser, and by reason of which the purchaser refuses to perform, will defeat a broker's claim for a commission, even where the purchaser is bound by contract. Therefore, the false representation testified to by the purchaser Kelly to the effect that Daugherty told him that $5000 could be borrowed on the Boone county land, on account of which false representation Kelly refused to perform, was sufficient to defeat Daugherty's claim for a commission from Stocks. Whaples v. Fahys, 84 N. Y. S. 793.

ELLISON, P. J.—Plaintiff is a real estate broker and brought this action to recover a commission he claims is due him from defendant for procuring a purchaser for defendant's farm in Boone county. The judgment in the circuit court was for defendant.

It appears that defendant authorized plaintiff to procure him a purchaser for his farm and town residence and that afterwards plaintiff procured one-Kelly, who resided in Watseka, Illinois, and that there resulted a contract between him and defendant whereby they would exchange properties; and $5000 in cash, representing difference in value, was to be paid by Kelly to defendant. There was an encumbrance of $6200 on defendant's farm which was to be assumed by Kelly, and an encumbrance of $2500 on Kelly's property, which was to be assumed by defendant. This contract contained a clause that each of the parties should pay plaintiff two per cent commission.

The contract was made subject to defendant's inspection and approval of the Illinois property and he

and plaintiff went there and found that property to be satisfactory. But Kelly then announced to defendant that he did not have the $5000 cash he was to pay, and this resulted in a supplemental written agreement, reciting the principal contract and that Kelly could not then pay the $5000 provided for therein and agreeing that deeds would be made to each property and deposited with a bank in Watseka and that as soon as Kelly's deed and abstract were found to be satisfactory and he deposited to defendant's credit the $5000 which he was to pay, the bank would deliver the deeds. Kelly found himself unable to procure the $5000 and the deal failed.

Defendant charges the failure to plaintiff's fault and contends that in consequence he is not entitled to a commission. The particular charge of plaintiff's misconduct is that Kelly had told him at the outset, before he, plaintiff, drew up the contract, that he did not have $5000 and could not procure it and that plaintiff concealed this from defendant. And that when Kelly gave plaintiff this information, the latter falsely and fraudulently represented to him that he could borrow it by putting a second encumbrance on the land he was to get from defendant; when in point of fact, the land was not of sufficient value to justify a loan for $5000 secured by a second mortgage, and Kelly was unable to procure the money and the contract thereby failed.

It is undoubtedly the duty of an agent in negotiating for the sale of his principal's land to act in the utmost good faith with him, and if he has knowledge of substantial matters which may materially affect his principal's judgment in forming conclusions as to whether he should sell, the agent should advise his principal. It is a flagrant breach of duty the agent owes if he deceives his principal by concealment of material facts and it forfeits his right to compensa-

tion. [23 Am. & Eng. Enc. of Law, 921; Whaples v. Fahys, 84 N. Y. Supp. 793.; Jeffries v. Robbins, 66 Kansas 427; Carter v. Owens, 58 Fla. 204; Hynes v. Brettelle, 70 Mo. App. 350, 351; Leathers v. Caufield, 45 L. R. A. l. c. 37, 38 (4th note).]

Furthermore if plaintiff falsely and fraudulently represented to Kelly that the land he was to get from defendant could be utilized in borrowing the $5000 cash, when it could not, and Kelly was unable to procure the money in that way, and thereby was unable to carry out the contract, it was such an act of bad faith as disentitled him to collect a commission from either party.

Plaintiff, in his criticism of the instructions, suggests that while he may have misrepresented the value of defendant's land to Kelly and may have misrepresented to the latter that he could borrow the $5000 cash payment on defendant's land, yet this may have been a matter of opinion on plaintiff's part and does not imply bad faith. Plaintiff did not ask an explanatory instruction to that effect. Besides, defendant's instruction submits the hypothesis whether plaintiff falsely made these misrepresentations, and the word, "falsely," seems to have been used by *both* parties in the sense of "fraudulently."

As stated above, plaintiff was to receive compensation from each party to the contract; as this was known to each, it was proper for him to do so; but, being, by consent, a dual agent, he owed to each the same degree of good faith he would have owed to either, had he been a single agent.

Notwithstanding plaintiff's insistence to the contrary, we think there was ample evidence and reasonable inference tending to support the matters just stated and they were duly submitted to the jury by in-

185MoApp35

structions which we think are wholly unobjectionable under the law.

The judgment will therefore be affirmed. All concur.