### JAMES E. CARLSON, INC. v. JOHN BABLER.[1]

#### November 14, 1919.

#### No. 21,381.

**Broker negotiating for both sides — finding sustained.**

1. A broker may represent both parties to a transaction, if the parties have knowledge of the fact and assent thereto, and then he may recover compensation from both parties if they so agree. The evidence is sufficient to sustain a finding that defendant agreed to pay plaintiff, a broker, one-half of a commission for negotiating an exchange of real property.

**Amendment of complaint.**

2. The original complaint was on a quantum meruit. There was no error in permitting plaintiff to amend his complaint so as to allege an agreed contract to pay. In fact proof of the agreed contract was admissible under the original complaint.

**Amended complaint — admission of payment.**

3. The complaint as amended did not contain an admission of payment of the claim sued on.

**Charge to jury.**

4. The court in charging the jury understated plaintiff's claim as to the terms of the contract. Defendant cannot complain of this.

[1]Reported in 174 N. W. 824.

### Duty of broker negotiating for both sides.

5. While the negotiations for exchange were pending, plaintiff entered into negotiations with the other party to the exchange, to take over the property which he was to acquire. Plaintiff's evidence is not explicit as to whether defendant was advised of this. No defense predicated on bad faith of plaintiff was pleaded. Plaintiff was not a mere middleman. He negotiated for both sides. A broker negotiating for both sides owes to each the same good faith that he would have owed to either had he acted for him alone. Private negotiations with one party will defeat the broker's right to compensation from the other if the facts are concealed. But, where no such defense is pleaded or litigated, the court will not set aside a verdict for the broker on this ground, unless it is clear as a matter of law that the broker was guilty of bad faith. On the evidence in this case, the court cannot so hold.

### Broker — misrepresentation — reversal not warranted.

6. On the record before us we are not justified in setting aside the verdict, on the alleged ground that plaintiff made misrepresentation to defendant. No such defense was pleaded and the evidence of misrepresentation is unsatisfactory.

### Evidence — letters admissible to fix date.

7. Certain letters on immaterial subjects were properly admitted for the sole purpose of fixing a date.

Action in the district court for Hennepin county to recover $2,400, broker's commission in exchange of properties. The case was tried before Converse, J., who at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiff's motion to amend the complaint setting forth an express contract, and a jury which returned a verdict for $510.40. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John Ott,* for appellant.

*Selover, Schultz & Selover* and *J. A. Mansfield,* for respondent.

HALLAM, J.

This action was brought to recover a broker's commission in negotiating an exchange of real estate. Defendant owned some flat buildings in Minneapolis. Louis Mortenson owned a 960 acre farm in North Da-

kota. They made an exchange. Plaintiff was instrumental in bringing the parties together. Plaintiff contended that he represented both parties, and that each promised to pay him one-half of a commission of $960. Defendant denied that plaintiff represented him, and contended that it was expressly stipulated that he was to pay no commission. The jury found for plaintiff. Defendant appeals.

1. Defendant contends that the verdict is not sustained by the evidence. We think the evidence is sufficient. A broker may represent both parties, if his conduct is open and above board, and both parties have knowledge that he so acts and consent thereto, and he may under such circumstances recover compensation from both parties if they so agree. Wasser v. Western Land Securities Co. 97 Minn. 460, 107 N. W. 160. This is precisely the situation testified to by plaintiff in this case. True, plaintiff's case rests chiefly on his own testimony. It is sharply contradicted. It contains some inconsistencies. He admitted that defendant at first protested against paying any commission. But he did distinctly testify that defendant finally agreed to pay the amount claimed. Plaintiff undoubtedly brought the parties together. Without him the exchange would never have been made. The question whether defendant agreed to pay part of plaintiff's compensation was distinctly a question of fact, which a jury should determine. We find no occasion to disturb their verdict.

2. The complaint was on a quantum meruit. At the close of the testimony, plaintiff's counsel asked permission to amend the complaint so as to declare on an express contract to pay a commission of $480. What then took place was somewhat informal, but we construe the ruling of the court as a grant of permission to so amend. All the evidence had been directed toward proof by plaintiff and disproof by defendant of an express contract. The amendment was in fact unimportant. Under a complaint alleging a quantum meruit plaintiff might have recovered on an express contract which he had fully performed on his part. Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901; Northwestern Marble & Tile Co. v. Swenson, 139 Minn. 365, 166 N. W. 406. The allowance of the amendment was not error.

3. The original complaint alleged that plaintiff was to receive $960, of which defendant and Mortenson were each to pay half, and that Mor-

tenson had paid $480, his half. Defendant contends that after the complaint had been amended so as to assert a demand of only $480, this admission in the original complaint of payment of $480 was an admission that the claim of plaintiff against defendant had been paid. It seems clear to us that this contention cannot be sustained.

4. The court submitted the question whether defendant made such a contract as plaintiff claims was made. Defendant excepts to the manner in which the court submitted this question. He told the jury that it was plaintiff's claim that defendant agreed to pay half the commission, if Mortenson would not pay the whole. This was not quite accurate. Plaintiff's testimony was stronger than this. He testified to a conversation to this effect on one occasion, but to a positive unqualified promise on others. The instruction did not prejudice defendant. Plaintiff had more right to complain of it.

5. Defendant contends that plaintiff cannot recover a commission from him, because plaintiff, while the negotiations were still pending, entered into negotiations with Mortenson to acquire the flat property which he received from defendant in exchange.

The testimony on this subject was as follows: Mortenson refused to deal, unless a certain amount of cash could be raised by a second mortgage on the flat buildings, and plaintiff thereupon entered into negotiations for securing a second mortgage loan, and later did procure such a loan for an amount satisfactory to Mortenson. As to plaintiff's negotiation for an interest in the property, Mortenson testified that "there was an understanding * * * that he was to trade those flats off again and turn them into flats (cash) as fast as he could and if he couldn't make a deal satisfactory that he might take them off my hands." Plaintiff testified that before the deal was closed he made Mortenson a proposition as to what he would give for the flat buildings in cash and exchange, but that this was not agreed on until after the deal was closed, that, about 20 days after the deal between defendant and Mortenson was closed, plaintiff did acquire the flat buildings.

If the extent of the broker's agency is to bring the contracting parties together, and if after doing so he stands indifferent between them and permits them to make their own bargain, he is termed a middleman. Geddes v. Van Rhee, 126 Minn. 517, 520, 148 N. W. 549; American

Security & Inv. Co. v. Penney, 129 Minn. 369, 152 N. W. 771; Littlefield v. Bowen, 90 Wash. 286, 155 Pac. 1053, Ann. Cas. 1918B, 177, note p. 185, and plaintiff argues that one sustaining that relation is under no obligation to disclose to either his relations or negotiations with the other. Friar v. Smith, 120 Mich. 411, 79 N. W. 633, 46 L.R.A. 229; Langford v. Issenbuth, 28 S. D. 451, 134 N. W. 889. But plaintiff was more than a middleman. He did more than merely bring the parties together. He negotiated for both parties. As above stated, a broker negotiating for both parties may recover compensation from both, if they, with full knowledge of the facts, so agree. But he owes to each the same good faith that he would have owed to either had he been agent for him alone. Daugherty v. Stocks, 185 Mo. App. 541, 172 S. W. 616. Yet each must know that he cannot expect the broker to look out for his interests alone. In the very nature of things such a broker must represent both sides. The real question is whether the broker has placed himself in a position where there might be a conflict between duty and opportunity. Clopton v. Meeves, 24 Idaho, 293, 133 Pac. 907. This court has been justly exacting in its requirement of fidelity on the part of an agent towards his principal. Donnelly v. Cunningham, 58 Minn. 376, 378, 59 N. W. 1052. We are not disposed to relax in this particular. But the law will not deny a broker compensation from one party because of negotiations with the other, if the negotiation is open, and known to, and assented to, by both parties.

We are now confronted with this situation. Defendant's answer did not plead bad faith on the part of plaintiff as a defense. It simply denied that plaintiff rendered services for defendant, or was employed by him, or that he agreed to pay plaintiff, and alleged that plaintiff was the agent of Mortenson alone. The testimony above mentioned was elicited on cross-examination of plaintiff and of his witness Mortenson and was pertinent to the issue pleaded in the answer. Defendant asked for no amendment to his answer to interpose this defense. The court did not submit any such defense or issue to the jury and was not asked to do so. The issue was not litigated. Under these circumstances we should not now set aside the verdict on this ground, unless it is clear, on undisputed testimony as a matter of law that plaintiff was guilty of bad faith. On cross-examination plaintiff was asked if he told defendant of his nego-

144 M.—9.

tiations with Mortenson and he answered "it seems to me there was some talk to that effect. * * * I wouldn't say for sure." It may be that this testimony would not have been sufficient to sustain a finding that plaintiff made disclosure to defendant of his negotiations with Mortenson. But no such issue was then before the court. If it had been, plaintiff's testimony might have been more explicit. We do not think we should say as a matter. of law that plaintiff concealed the facts from defendant. This court should hesitate to set aside a verdict on grounds that parties during the trial do not see fit to make part of their case. We decide that we should not do so upon the record in this case.

6. Defendant contends that plaintiff made misrepresentation to him as to the price at which Mortenson held his farm and for that reason should not recover. No such defense was pleaded nor mentioned until after the trial and verdict. The evidence on the point is unsatisfactory. We find no occasion to disturb the verdict on this ground.

7. Certain letters containing immaterial matter were received in evidence, for the sole purpose of corroborating the testimony of plaintiff as to the date on which he opened negotiations with defendant. The reception of this testimony for this purpose was proper.

Order affirmed.