OAKFORD & FAHNESTOCK v. MT. CLEMENS SUGAR CO.

1. SALES—BREACH OF CONTRACT—PRINCIPAL AND AGENT—QUESTION FOR JURY.

In an action for damages for breach of a contract for the sale of sugar, whether the broker who negotiated the contract was the agent of defendant and the contract was voidable because he acted for both parties without defendant's knowledge, or whether he was a mere middleman to bring the parties together, were questions of fact properly submitted to the jury.[1]

2. APPEAL AND ERROR—INSTRUCTIONS.

An instruction relative to the burden of proof will not be regarded as reversible error where it appeared that both parties agreed in advance that such instruction should be given.[2]

Error to Macomb; Reid (Neil E.), J.    Submitted June 5, 1925.    (Docket No. 47.)    Decided July 16, 1925.

Assumpsit by Oakford & Fahnestock, an Illinois corporation, against the Mt. Clemens Sugar Company for breach of a contract of sale.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Lungerhausen, Weeks & Lungerhausen,* for appellant.

*Stevenson, Carpenter, Butzel & Backus (Rockwell T. Gust* and *Warren S. Stone,* of counsel), for appellee.

CLARK, J.    This action was brought to recover damages for the breach of a contract for the sale of sugar by defendant to the plaintiff.    Plaintiff had verdict and judgment.    Defendant brings error.    The contract was made through one Drobisch, a sugar

[1]Brokers, 9 C. J. § 161; [2]Appeal and Error, 4 C. J. § 2635.
On right of real estate broker to commissions when employed merely as a middleman, see note in 45 L. R. A. 51.

broker. The defense at the trial was that the broker's duties were discretionary in character and that the contract was voidable for the reason that he had acted for both parties without defendant's knowledge. Plaintiff contended that the broker exercised no discretion; that he was a mere middleman to bring the parties together, that he had no inconsistent duties, and that therefore he might act for both parties. See 9 C. J. p. 541; 4 R. C. L. p. 275; *Friar* v. *Smith*, 120 Mich. 411. The dispute is of fact not of law.

Whether the broker's duties were of the character claimed by defendant, or of the character claimed by plaintiff, was submitted to the jury as a question of fact. Defendant insists that on that question it was entitled to a peremptory instruction. There was testimony that the broker's duties for defendant were to sell sugar at the market price as stated and directed by defendant, and subject to confirmation by defendant. That course was followed here. On such state of facts plaintiff must prevail. But there is other testimony capable of the meaning that the broker was to use his best efforts to get a higher price than the said market price, and that he had, subject to confirmation, such limited discretion as to price. Considering all the evidence, we think defendant may not complain that the question was submitted to the jury.

Complaint is also made of an instruction relative to the burden of proof. On the exceptions before us, as settled by the trial judge, it must be held that counsel for both parties agreed in advance that such instruction should be given. Therefore it will not be held to be reversible error.

No other question requires discussion.

Judgment affirmed.

MCDONALD, C. J., and BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred. MOORE, J., did not sit.