TROST *v.* J. E. ST. CLAIR CO.

1. PRINCIPAL AND AGENT—DUAL AGENCY AGAINST PUBLIC POLICY.
   Where an agent is invested with authority or discretion or has duty to obtain best price or terms for his principal, it is against public policy for him to represent the other party in the transaction without full disclosure to both of his dual agency.

Fraud and secret dealings of real estate broker as affecting commissions, see annotation in 45 L. R. A. 33.

2. BROKERS—GO-BETWEEN—COMMISSION FROM BOTH PARTIES.

Where broker's employment is only to find purchaser at certain sum, the purchaser to be satisfactory to seller, and sale is actually consummated by seller on his own judgment and terms, and broker acts merely as go-between, a contract by seller to pay commission is valid, although broker also has similar employment with purchaser.

3. SAME—FIDUCIARY RELATION.

Where broker acted merely as go-between in sale of property, and did not represent either buyer or seller in any fiduciary relation, but seller acted on her own judgment, and broker received no commission from buyer, contract by seller to pay commission is valid.

Appeal from Lapeer; Smith (Henry H.), J. Submitted January 17, 1930. (Docket No. 104, Calendar No. 34,755.). Decided April 7, 1930.

Bill by Caroline Trost against J. E. St. Clair Company and Walter Trost and others to set aside a note and mortgage. Cross-bill by J. E. St. Clair Company to foreclose. From a decree dismissing bill and granting relief on cross-bill, plaintiff and defendant Walter Trost and others appeal. Affirmed.

*Herbert W. Smith,* for plaintiff.

*Zirkalose & Smith* (*Curtis D. Wernette,* of counsel), for defendant.

FEAD, J. This is a suit to set aside, on the grounds of fraud and dual agency, a note and mortgage given to defendant St. Clair by plaintiff and the other defendants, her step-children, interested as heirs of their father, as commission on sale of real estate.

Plaintiff and her husband owned a farm near Lapeer which they wanted to sell for $22,000. One Goercki undertook to find a purchaser. The hus-

band died, and a month or two later Goercki interested St. Clair, a broker, in the sale. St. Clair looked over the farm. Plaintiff's price then was $24,000. The property was not listed with St. Clair nor an agreement for commission made. One Paulin had listed some Detroit property with a broker, Hunt, who often used St. Clair's office and worked with him on deals. Through Hunt, St. Clair had the Paulin property for sale. He did not inform plaintiff of the arrangement. He took Paulin to inspect the farm. Later he took plaintiff to Detroit and showed her several pieces of property. She selected one, held at $8,500, and in which Paulin wanted $3,000 for his equity. Plaintiff thought it was worth $7,000, raised her own price to $26,000 to more than cover the difference, and, on March 31st, at her sister's home, and in the presence of several members of her family, executed a written offer to purchase it "through the J. E. St. Clair Company, * * * agent for the owner," the Paulin equity to be credited as down payment on the farm, and the balance on both payable on contract; the stock, implements, and other personal property on the farm were included in the offer, and plaintiff agreed to pay St. Clair a commission. Plaintiff did not testify that she did not understand that St. Clair had Paulin's property for sale. Some days later St. Clair told the other defendants of the transaction and arranged a meeting at his office. The meeting was held April 9th. The heirs executed the preliminary offer and agreement to pay the commission, and they, plaintiff, and Paulin, executed final instruments in consummation of the trade. The personal property was omitted from the contract. The record does not show why. Plaintiff and defendant heirs

gave St. Clair a note and mortgage to cover his commission, made payable in 60 days, with the idea of paying it from a Federal loan to be negotiated. The heirs also executed a writing that plaintiff should have the full interest in the Detroit property, and they would take their shares from the farm contract. The papers were left with St. Clair to await plaintiff's decision whether she would take an additional piece of Paulin's property to apply on the farm contract. Plaintiff remained in Detroit about a week, gave no indication of dissatisfaction, but, a few days later, her son notified St. Clair that plaintiff would not accept the property contracted for. St. Clair put his mortgage on record, and plaintiff and Paulin traded back without St. Clair's participation or consent.

The court denied plaintiff relief, and gave St. Clair a decree on his cross-bill for foreclosure of the mortgage.

The testimony was so wholly inadequate to show fraud that no discussion of it is necessary. The record discloses no deception, overreaching, or pressure by St. Clair nor inadequacy of consideration. Plaintiff and the heirs freely and formally accepted the deal with Paulin on their own judgment and terms. Unless barred by the doctrine of dual agency, St. Clair is entitled to the commission.

Where an agent is invested with authority or discretion or has the duty to obtain the best price or terms for his principal, it is against public policy for him to represent the other party in the transaction without full disclosure to both of his dual agency. *Scribner* v. *Collar*, 40 Mich. 375 (29 Am. Rep. 541); *McCulley* v. *Rivers*, 203 Mich. 417; 9 C. J. p. 577; 4

R. C. L. p. 328. But where a broker's employment is only to find a purchaser at a certain sum, fixed and agreed upon, the purchaser to be satisfactory to the seller, and the sale is actually consummated by the seller on his own judgment and terms, and the broker acts in fact merely as a go-between, a contract by the seller to pay him commission is valid, although he also has similar employment with the purchaser. *Montross* v. *Eddy,* 94 Mich. 100 (34 Am. St. Rep. 323) ; *Friar* v. *Smith,* 120 Mich. 411 (46 L. R. A. 229) ; 4 R. C. L. pp. 330, 331.

Regardless of whether plaintiff was charged with notice of St. Clair's representing Paulin, by the language of the first offer, it does not appear that St. Clair represented either plaintiff or Paulin in any fiduciary capacity, that he induced the trade or acted otherwise than as a go-between. He received no commission from Paulin.

The decree is affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.